## Richmond

BEN BERRY v. CITY OF CHESAPEAKE.

January 20, 1969.

Record No. 6871.

Present, Eggleston, C.J., Snead, I'Anson, Carrico, Gordon and Harrison, JJ.

*Howard I. Legum* (*Fine, Fine, Legum & Fine*, on brief), for plaintiff in error.

No brief or argument for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Defendant, Ben Berry, was charged in a warrant with violating § 23-51 of the Code of the City of Chesapeake, which provides that, "It shall be unlawful for any person to carry any loaded firearms

on any public lands except those legally opened for hunting, or on a properly established target shooting range, except persons authorized by law to carry loaded firearms."

Trial by jury was waived and the trial court found the defendant guilty as charged and fixed his punishment at a fine of $250. We granted the defendant a writ of error to the judgment.

Defendant has assigned several errors, but the controlling question is whether the evidence is sufficient to support the conviction under the language of the ordinance.

The evidence shows that on April 16, 1967, Officer J. A. Mc-Clenny, of the Chesapeake Police Department, saw the defendant put a rifle in a gun rack in his truck on Allen Drive in the City of Chesapeake, Virginia. The officer followed the truck in his patrol car for approximately one-half mile along highway 168, and when it turned into a gasoline filling station the police car pulled in behind it. Officer McClenny inquired of the defendant concerning the rifle in the truck, and found that the firearm, a M-1 carbine, was loaded. Another loaded gun was also found in the truck.

The defendant and Jack H. George, who was a passenger in the truck, both testified that they were going to use the guns for target practice on a friend's farm in the City of Chesapeake.

The ordinance under which the defendant was convicted makes it a criminal offense for any unauthorized person to carry loaded firearms on any public lands except those legally open for hunting, or on a legally established shooting range.

A penal statute is always strictly construed against the State and in favor of the liberty of the citizen. Such statutes cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit. *Price* v. *Commonwealth*, 209 Va. 383, 385, 164 S. E. 2d 676, 678 (1968); *McKinney* v. *Commonwealth*, 207 Va. 239, 243, 148 S. E. 2d 829, 832 (1966); *Wade* v. *Commonwealth*, 202 Va. 117, 122, 116 S. E. 2d 99, 103 (1960).

An accused is entitled to the benefit of a reasonable doubt in the construction of a penal statute just as he is in questions of fact. *Enoch* v. *Commonwealth*, 141 Va. 411, 436, 126 S. E. 222, 230 (1925).

The term "public lands" has a well defined meaning in law. It is "habitually used in the United States to designate such lands of the United States or of the States as are subject to sale or other disposal

under general laws, and are not held back or reserved for any special governmental or public purposes, and do[es] not include lands to which rights have attached and become vested through full compliance with an applicable land law." *Holz* v. *Lyles*, 280 Ala. 521, 522, 195 So. 2d 897, 899 (1967). *State ex rel. Town of Crescent City* v. *Holland*, 151 Fla. 806, 10 So. 2d 577; 42 Am. Jur., Public Lands, § 13, p. 794; 73 C.J.S., Public Lands, § 1, p. 647; 35 Words and Phrases, Public Land, pp. 243, 244.

The language of the ordinance making it a criminal offense to carry loaded firearms on public lands except those open for hunting clearly indicates that it was not meant to apply to carrying loaded firearms on a public street or highway. Public streets and highways are never open for hunting and they are not public lands within the meaning of the ordinance. Public lands do not belong to the public in the same sense that public streets and highways do.

If the council of the City of Chesapeake intended this ordinance to apply to any unauthorized person carrying loaded firearms on a public street or highway in the city, the appropriate language could have been used. Our function is to interpret the language used in the ordinance, and we cannot extend it by implication. Hence we are compelled to reverse the judgment of conviction and dismiss the warrant because the ordinance is not applicable under the facts of this case.

*Reversed and dismissed.*