## Richmond

Clifton R. Martin

v.

Commonwealth of Virginia

October 15, 1982.

Record No. 820005.

Present: Carrico, C.J., Poff, Compton, Thompson, Stephenson, and Russell, JJ.

*Robert L. Browne* for appellant.
*Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Indicted under Code § 18.2-147.1 for breaking and entering a motor vehicle with intent to commit larceny therein, defendant

Clifton R. Martin was found guilty in a bench trial and sentenced to three years' imprisonment. Execution of the sentence was suspended and the defendant was placed on supervised probation.

On December 18, 1980, Mark Foster, age 19, parked his Ford Mustang automobile in front of his Woodbridge home, locking the doors but leaving the sunroof open. During that afternoon, his girlfriend's high school ring, which had been hanging on a chain from the interior rearview mirror, was stolen from the vehicle. Later that day, it was determined that defendant had sold the ring to a Woodbridge coin shop.

The statute under which defendant was convicted was enacted in 1979 as follows:

"§ 18.2-147.1. Breaking and entering into railroad cars, motortrucks, etc.—Any person who breaks the seal or lock of any railroad car, vessel, aircraft, motortruck, wagon or other vehicle or of any pipeline system, containing shipments of freight or express or other property, or breaks and enters any such vehicle or pipeline system with the intent to commit larceny or any felony therein shall be guilty of a Class 4 felony; provided, however, that if such person is armed with a firearm at the time of such breaking and entering, he shall be guilty of a Class 3 felony." Acts 1979, ch. 336.[1]

The issue to be decided is whether this statute is applicable to the breaking and entering of a private automobile with the requisite intent when there is no evidence the car was a vehicle in commerce, that is, one containing a shipment of property.

 There is no recorded substantive legislative history available for this 1979 enactment, so we employ settled rules of statutory construction to ascertain and give effect to the intent of the General Assembly. Penal statutes are to be strictly construed against the Commonwealth and in favor of the citizen's liberty. *Cox* v. *Commonwealth,* 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979). Such statutes may not be extended by implication; they must be applied to cases clearly described by the language used. *Price* v. *Commonwealth,* 209 Va. 383, 385-86, 164 S.E.2d 676, 678 (1968). And the accused is entitled to the benefit of any rea-

[1] As codified, the headline of the statute reads: "**Breaking and entering into railroad cars, motortrucks, aircraft, etc., or pipeline systems.**" Code § 18.2-147.1 (1982 Repl. Vol.).

sonable doubt about the construction of a penal statute. *Enoch* v. *Commonwealth,* 141 Va. 411, 436, 126 S.E. 222, 230 (1925).

As examined for the purpose of this indictment under these facts, the statute proscribes the breaking and entering "of any railroad car, vessel, aircraft, motortruck, wagon or other vehicle or of any pipeline system, containing shipments of freight or express or other property," with the intent to commit larceny therein. Defendant contends that the "vehicle" named in the statute must be a "vehicle in commerce," that is, one containing "a shipment of property" and not merely any vehicle which simply contains "property." Because the ring taken was not in transit and had been kept in Foster's car for purely sentimental reasons, defendant argues that no "shipment" of property was involved, and that he could not properly be convicted of violating the statute.

The Attorney General contends the statute prohibits the breaking and entering of a private automobile with the requisite intent, whether or not it contains a "shipment" of property. He says a private automobile is encompassed within the statutory terms "or other vehicle" and "any such vehicle." The Commonwealth also argues that the ring qualifies as "other property," and that it did not have to be in "shipment" in order to be covered by the terms of the statute. In effect, the Attorney General argues that an automobile containing any "property" comes within the ambit of the statute.

We disagree with the Attorney General and agree with the defendant. We hold that this unclear statute does not apply to the conduct revealed by the facts of this case.

From its very tenor the statute is directed to cargo theft. The particular vehicle or pipeline system is required to contain, according to the crucial clause, "shipments of freight or express or other property." In view of the Attorney General's argument, the question actually becomes whether the word "shipment" applies to the term "other property." We think it does.

The term "other property" cannot be viewed in the abstract and construed broadly to mean "any property," whether or not a part of a "shipment." Under the rule of *ejusdem generis,* when a particular class of persons or things is enumerated in a statute and general words follow, the general words are to be restricted in their meaning to a sense analogous to the less general, particular words. *East Coast Freight Lines* v. *City of Richmond,* 194 Va. 517, 525, 74 S.E.2d 283, 288 (1953); *Rockingham Bureau* v.

*Harrisonburg,* 171 Va. 339, 344, 198 S.E. 908, 911 (1938). Likewise, according to the maxim *noscitur a sociis* (associated words) when general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words. *Commonwealth* v. *United Airlines,* 219 Va. 374, 389, 248 S.E.2d 124, 132-33 (1978); *Hensley* v. *City of Norfolk,* 216 Va. 369, 374, n.5, 218 S.E.2d 735, 740, n.5 (1975).

■ Consequently, the statutory term "other property" is restricted in its meaning to "shipments" of things analogous to "freight" or "express." The meaning does not encompass, as in this case, articles of personal property kept in a private automobile for sentimental reasons.[2]

For these reasons, we hold the trial court erred in convicting the defendant under the statute in question. Accordingly, the judgment appealed from will be reversed and the indictment dismissed.

*Reversed and dismissed.*

---

[2] The statute in question may have been adopted from a federal law, 18 U.S.C. § 2117, which provides, in part:

"§ 2117. Breaking or entering carrier facilities

"Whoever breaks the seal or lock of any railroad car, vessel, aircraft, motortruck, wagon or other vehicle or of any pipeline system, containing interstate or foreign shipments of freight or express or other property, or enters any such vehicle or pipeline system with intent in either case to commit larceny therein, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

The purpose of the federal statute is to provide protection for interstate and foreign shipments while in transit. *Ellis* v. *United States,* 57 F.2d 502, 503-04 (8th Cir.) *cert. denied,* 287 U.S. 635 (1932).