DANA DONNELL HAIRSTON, s/k/a
DANA DARNELL HAIRSTON

v.

COMMONWEALTH OF VIRGINIA

and

MELVIN E. CONNOR, s/k/a
MELVIN EUGENE CONNOR

v.

COMMONWEALTH OF VIRGINIA

No. 1227-93-3

Decided January 10, 1995

COUNSEL

Ward L. Armstrong (Terry A. Young; Armstrong, Armstrong & Young, on brief), for appellant Hairston.

Michelle C. F. Derrico (Office of the Public Defender, on brief), for appellant Connor.

H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.**—Appellants were convicted of statutory burglary for breaking and entering a "vehicle . . . containing shipments of freight or express or other property pursuant to Code § 18.2-147.1."[1] The vehicle was a trailer which the victim used to store and haul tires for sale at flea markets. On appeal, appellants contend that the tires stored and hauled in the victim's trailer were not "shipments of freight or express or other property" within the meaning of the statute. Thus, the defendants argue the only crimes for which they could be charged were attempted grand larceny of the tires and trespass, not burglary, in violation of Code § 18.2-147.1. We disagree and affirm appellants' convictions.

## I. FACTS

James Branscomb, owner of Jimmy's Cycle Sales, parked on the lot of his business a trailer containing tires. Branscomb used the trailer for the storage and the transportation of tires. The trailer had a "goose-neck" attachment which Branscomb connected to his pickup truck to transport the tires to flea markets.

---

[1] Appellants were also convicted of attempted grand larceny and possession of burglarious tools. However, appeal of those convictions was denied in an unpublished order.

Shortly after midnight on November 21, 1992, appellants broke into and entered the trailer. Branscomb apprehended the men and held them at gunpoint until the police arrived.

Appellants do not dispute that the trailer was a "vehicle," but argue whether the tires inside the trailer were "shipments of freight or express or other property" within the meaning of Code § 18.2-147.1. Appellants assert that the tires could not be "freight" because the word refers only to goods which are shipped by one party for another for compensation.

■ This case is controlled by *Martin v. Commonwealth*, 224 Va. 298, 295 S.E.2d 890 (1982), in which the Court stated as follows: "From its very tenor the statute is directed to cargo theft. The particular vehicle . . . is required to contain, according to the crucial clause, 'shipments of freight or express or other property.' " *Id.* at 301, 295 S.E.2d at 892 (quoting Code § 18.2-147.1).

In addition to being "[t]he compensation paid for the transportation of goods," as appellants urge, freight is also defined as "something that is loaded for transportation: cargo." *Webster's Third New International Dictionary* 908 (1981). *Black's Law Dictionary* 1377 (6th ed. 1990) defines "shipment" as "the [t]ransportation of goods; . . . [a]lso, the property which is the subject of transportation."

■ In analyzing the statute, the Court in *Martin* also noted the need for "a vehicle in commerce." 224 Va. at 301, 295 S.E.2d at 892. While the court held the meaning of "other property" does not encompass "articles of personal property" kept in private vehicles, "other property" does equate to " 'shipments' of things *analogous* to 'freight' or 'express.' " *Id.* at 302, 295 S.E.2d at 893. Thus, *Martin* makes clear that the statute not only covers items of property moved as "freight" for compensation, but any cargo which is transported in commerce.

Branscomb stored tires in the trailer. He also transported the tires in the trailer for sale at flea markets. Therefore, the tires were "property which [was] the subject of transportation" in "a vehicle in commerce." Furthermore, the tires were cargo, chattels, or goods transported by Branscomb and were "analogous to 'freight.' " Thus, appellants broke into and entered a vehicle "con-

taining shipments of freight . . . or other property" with the intent to commit larceny within the meaning of § 18.2-147.1.

We disagree with appellants' more narrow construction of Code § 18.2-147.1 because it contradicts the holding of *Martin* that "the statutory term 'other property'" means "'shipments' of things *analogous* to 'freight' or 'express.'" 224 Va. 298, 302, 295 S.E.2d 890, 893 (1982). To accept appellants' construction would lead to incongruous results, providing defendants with readily available defenses in cases where the victim of the theft happened to be transporting his own goods in commerce.

Therefore, we affirm the trial court's judgment.

*Affirmed.*

Coleman, J., and Hodges, S.J., concurred.