JUSTICE HASSELL, with whom CHIEF JUSTICE CARRICO
joins, dissenting.
I dissent because I am of opinion that the City of Suffolk has violated its own zoning ordinance, which states in relevant part:
“Conditional uses. The following uses are permissible in B-2 districts subject to the provisions of Article Vm [conditional use permit regulations]:
(i) Commercial recreational uses including bowling alleys, miniature golf, golf driving ranges, pool halls, billiard parlors, dance halls, penny arcades and similar forms of public amusement.”
I agree with the majority that the decision to grant or deny a conditional use permit is a legislative act. However, the City’s legislative prerogatives are not unlimited and, in the exercise of such power, the City must comply with its own ordinance. Here, the City’s ordinance places certain restrictions upon the City’s power to *340 grant conditional use permits; among those restrictions is the provision, one the City voluntarily chose to impose upon itself, limiting the type of commercial recreational uses permissible in B-2 districts.
We have applied the doctrine of noscitur a sociis when interpreting statutes as well as ordinances:
“[W]hen general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words.”
Martin v. Commonwealth, 224 Va. 298, 302, 295 S.E.2d 890, 892 (1982); accord Commonwealth v. United Airlines, 219 Va. 374, 389, 248 S.E.2d 124, 132-33 (1978); Cape Henry v. National Gypsum, 229 Va. 596, 603, 331 S.E.2d 476, 481 (1985). Applying this doctrine, I am of the view that there is simply no degree of similarity between bowling alleys, miniature golf, golf driving ranges, pool halls, billiard parlors, dance halls, penny arcades, and an automobile race track with a seating capacity of 7,500 which, undoubtedly, will cause noise and disruption adjacent to a residential neighborhood.