COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


JIMMY RICKS
                                            OPINION BY
v.  Record No. 0929-97-2        JUDGE JAMES W. BENTON, JR.
                                          JUNE 2, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Donald W. Lemons, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


     Jimmy Ricks was convicted of carrying a knife "about his

person, hidden from common observation" in violation of Code

§ 18.2-308.  He contends the trial judge erred in finding the

knife to be one of the weapons proscribed by the statute.  For

the reasons that follow, we reverse the conviction.

                              I.

     The evidence proved that State Police Trooper John Rehme

stopped Ricks for driving erratically and arrested him for

driving while intoxicated.  During a search of Ricks' vehicle,

the officer found a knife beneath the driver's seat, a pack of

beer, a shirt, boots, a cooler, and other trash.  Ricks told the

officer the knife was his fishing knife.  The officer testified

that he found no fishing gear in the vehicle.

     The Commonwealth introduced the knife as Commonwealth's

Exhibit 2.  The knife has a flexible blade that is four and one-half inches long and one-half inch wide at its widest point; it has a plastic handle.  Observing the knife, the trial judge initially stated that "[t]he question is whether or not the knife [which] has an appearance of being a common kitchen steak knife is a weapon that is illegal under [Code §] 18.2-308 when carried in a concealed capacity."  After considering the arguments of counsel, the trial judge concluded the knife was "not something that was being carried for ordinary purposes."  The judge convicted Ricks of violating Code § 18.2-308 by carrying the knife concealed under the seat of his truck.

## II.

In accordance with generally accepted principles, "penal statutes must be strictly construed against the Commonwealth and applied only to those cases clearly falling within the language of the statute."  Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).  Code § 18.2-308(A), a penal statute, provides in pertinent part as follows:

> If any person carries about his person, hidden from common observation, . . . any dirk, bowie knife, switchblade knife, ballistic knife, razor, slingshot, spring stick, metal knucks, or blackjack . . . or . . . any weapon of like kind as those enumerated in this subsection, he shall be guilty of a Class 1 misdemeanor.

The statute does not prohibit generally the carrying of knives hidden from common observation.  It designates specific types of knives, see Code § 18.2-308(A)(ii), and knives "of like

kind as those enumerated."  Code § 18.2-308(A)(v).  The knives specified in Code § 18.2-308(A)(ii) are defined by statute or have been described by this Court to have their usual meanings. See Code § 18.2-308(N) (defining "ballistic knife" as "any knife with a detachable blade that is propelled by a spring-operated mechanism"); Richards v. Commonwealth, 18 Va. App. 242, 245, 246 n.2, 443 S.E.2d 177, 179, 179 n.2 (1994) (defining "switchblade knife" as "a knife with a blade that opens automatically by operation of inertia, gravity, or both upon the release of a spring mechanism"; defining "'dirk' or weapon of like kind" as "any stabbing weapon having two sharp edges and a point"; and defining "'bowie knife' or weapon of like kind" as "any stabbing weapon having a single sharp edge, a dull or serrated flat edge and a point").  The Court in Richards also noted that the legislature "intend[ed] to exclude from [the] concealed weapons statutes innocuous household and industrial knives."  18 Va. App. at 246 n.2, 433 S.E.2d at 179 n.2.

After finding that the knife had "an appearance of being a common kitchen steak knife," the trial judge convicted Ricks because the knife was "not . . . being carried for ordinary purposes."  The trial judge erroneously relied on the purported purpose of Ricks' possession of the knife to convict Ricks of the offense.  Unless a claim is made that a circumstance specified in Code § 18.2-308(B) (listing exclusions from coverage) or (C) (exempting certain individuals from coverage) is applicable, the

language of the statute does not provide that the purpose for carrying the knife is relevant.  Rather, the physical characteristics of the knife determine whether the knife is a weapon contemplated by the statute.  Therefore, even if the trial judge believed Ricks did not use the knife for fishing and believed Ricks was not carrying it "for ordinary purposes," the knife did not have the physical characteristics of the weapons specified in Code § 18.2-308(A)(ii) and, thus, could not be deemed a "weapon of like kind as those enumerated."  Code § 18.2-308(A)(v).

The trial judge observed the knife and found that it appeared to be an ordinary kitchen steak knife.  The knife, which was introduced into evidence, in fact has the appearance and characteristics of an ordinary household steak knife.  We hold, therefore, that the evidence was insufficient to support the conviction.  Accordingly, we reverse the conviction and dismiss the charge.

<u>Reversed and dismissed</u>.