COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


SAMUEL H. KINGREY, III

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2202-97-2              JUDGE DONALD W. LEMONS
                                              JULY 13, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        John B. Boatwright, III (Boatwright & Linka,
        on briefs), for appellant.

        Jeffrey S. Shapiro, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Samuel H. Kingrey, III was convicted in a bench trial of

possession of a concealed weapon as a convicted felon, a

violation of Code § 18.2-308.2.  On appeal, he contends that the

evidence is insufficient to support his conviction.  We disagree

and affirm his conviction.

                        I.  BACKGROUND

    On March 29, 1997, Officer Hunter of the Henrico County

Police Department received a radio call that there was a fight

at the Crown Gas Station in Henrico County.  When Hunter arrived

at the scene he determined that Kingrey had assaulted his

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

girlfriend.  Hunter placed Kingrey under arrest and conducted a search incident to his arrest.  In Kingrey's right front pocket Hunter found a pocketknife and in his right rear pocket he found what is commonly called a "butterfly knife."  Hunter described the knife as "one that can be easily whipped around and swung" and "[i]t's more of a fighting knife.  It's not like a cutting knife or a paring knife."  Hunter estimated the knife to be approximately "three to four inches" in length.  He further testified that the butterfly knife was totally concealed in Kingrey's back pocket.  Kingrey was charged with possession of a concealed weapon by a convicted felon, a violation of Code § 18.2-308.2.  At the conclusion of the trial, Kingrey moved the court to dismiss the charge contending that the knife in question was not a weapon within the definition of Code § 18.2-308.  Kingrey was found guilty of possession of a concealed weapon by a convicted felon.  On appeal, Kingrey maintains that the evidence was insufficient to support the conviction.

## II.  SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is an issue on appeal, the evidence must "be viewed in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences, and the judgment of the trial court must be affirmed unless it appears that it is plainly wrong, or without evidence to support it."  Beavers v. Commonwealth, 245

-

Va. 268, 281-82, 427 S.E.2d 411, 421 (1993).  On appeal, the decision of a trial court sitting without a jury is afforded the same weight as a jury's verdict and will not be disturbed unless plainly wrong or without evidence to support it.  See King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1977).

Kingrey was convicted of possession of a concealed weapon by a convicted felon in violation of Code § 18.2-308.2, which prohibits any person who has been convicted of a felony from "knowingly and intentionally [carrying] about his person, hidden from common observation, any weapon described in § 18.2-308." Code § 18.2-308 states in relevant part:

> A.  If any person carries about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind; or (ii) any dirk, bowie knife, switchblade knife, ballistic knife, razor, slingshot, spring stick, metal knucks, or blackjack; or . . . (v) any weapon of like kind as those enumerated in this subsection . . . .

Kingrey contends that the knife found in his right rear pocket is neither one of the statutorily enumerated weapons nor is a weapon of "like kind" and therefore cannot support a conviction for a violation of Code § 18.2-308.2.  We have previously stated that when construing Code § 18.2-308, "[t]he determination of whether a particular knife falls within the meaning of a term used in the statute is a question fact to be determined by the trier of fact."  Richards v. Commonwealth, 18

-

Va. App. 242, 246 n.2, 443 S.E.2d 177, 179 n.2 (1994). At trial, the arresting officer testified that the knife was "one that can easily be whipped around and swung open. It's more of a fighting knife. It's not like a cutting knife or a paring knife or something like that."

Absent statutory definition we must seek ordinarily accepted meanings given to terms in the context of their use. Websters Third New International Dictionary (1993), defines the following terms:

> dirk   1: a long straight-bladed dagger formerly carried esp. by the Scottish Highlander
> 2: a short sword formerly worn by British junior naval officers.

Id. at 642.

> dagger   1a: a short knife used for stabbing . . . .

Id. at 570.

> sword   1a: a weapon with a long blade for cutting or thrusting set in a hilt usu. terminating in a pommel and often having a tang or a protective guard where the blade joins the handle . . . .

Id. at 2314.

The trial court found Kingrey guilty without enumerating whether the weapon in question was one of the enumerated items or a "weapon of like kind." Given the definitions recited above, the butterfly knife, when opened, most closely resembles

-

a dirk.  The knife easily opens and was described by the police officer as a "fighting knife."  Based upon its appearance, it is a weapon of "like kind" to a dirk contemplated in the statute. In construing Code § 18.2-308 the Supreme Court of Virginia has said that "the purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet accessible as to afford prompt and immediate use."  Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979) (quoting Sutherland's Case, 109 Va. 834, 835-36, 65 S.E. 15, 15 (1909)).  Based upon this record, we cannot say that the trial court was plainly wrong or without evidence to support the verdict.  The conviction is affirmed.

Affirmed.

Benton, J., dissenting.

At the conclusion of the evidence, the trial judge looked at the knife Samuel H. Kingrey possessed and asked "[i]ts not a paring knife either, is it . . . ?"  The trial judge made no other comment that could be interpreted as a finding concerning the knife.  On appeal, the Commonwealth contends the knife was "a dirk, or a weapon of like kind" and also "was a weapon of like kind to a 'switchblade knife.'"  However, the record does not establish that the knife was anything other than a variation of a pocketknife.

"In accordance with generally accepted principles, 'penal statutes must be strictly construed against the Commonwealth and applied only to those cases clearly falling within the language of the statute.'"  Ricks v. Commonwealth, 27 Va. App. 442, 444, 499 S.E.2d 575, 576 (1998) (citation omitted).  Code § 18.2-308 does not prohibit the carrying of pocketknives or knives of like kind.  See Wood v. Henry County Public Schools, 255 Va. 85, 95, 495 S.E.2d 255, 261 (1998) (holding that "a pocketknife is neither a dirk, bowie knife, switchblade knife, ballistic knife, nor a weapon of like kind").  Kingrey's knife contained a blade that folded into the handle and was fit for being carried in a pocket.  It was a pocketknife.

I would reverse the conviction.

-