BENTON, Judge,
dissenting.
Code § 18.2-308.2 “does not prohibit generally the carrying of knives hidden from common observation.” Ricks v. Commonwealth, 27 Va.App. 442, 444, 499 S.E.2d 575, 576 (1998). Rather, by reference to Code § 18.2-308, it proscribes concealing the following specific kinds of knives: “any dirk, bowie knife, switchblade knife, ballistic knife, razor ... or ... any weapon of like kind.” Code § 18.2-308(A). When we apply these penal statutes, “[i]t is elementary that ... [they are] to be strictly construed against the state and in favor of the liberty of a citizen.” Cox v. Commonwealth, 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979). “Such statutes cannot be extended by implication or construction, or be made to embrace *20 cases which are not within their letter and spirit.” Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969).
The trial judge “[found] this [knife] is a dirk.” Elaborating, the judge said, “[t]his is a dirk with one side---- I think a one-sided, sharp edge of a dirk falls within the statute that says a weapon of like kind as those enumerated.” I agree with the majority opinion’s description of the knife as consisting “of a single blade with a two-part hinged handle, which folds to enclose the blade,” and that the blade has one sharpened edge. Although the majority opinion concedes the knife does not fit the definition of a dirk, it concludes “that the knife was a weapon of like kind to a dirk” and “[t]he knife in question is useful as a weapon of like kind to a dirk.” I disagree with those conclusions.
In recent opinions, the Supreme Court and this Court have addressed the definition of a dirk. In Wood v. Henry County Public Schools, 255 Va. 85, 495 S.E.2d 255 (1998), the Supreme Court held that “[a] ‘dirk’ is defined as ‘a long straight-bladed dagger formerly carried [especially] by the Scottish Highlanders[,] 2. a short sword formerly worn by British junior naval officers.’ ” Id. at 95 n. 6, 495 S.E.2d at 261 n. 6 (citation omitted). That definition is consistent with our earlier holding that “[a] ‘dirk’ or weapon of like kind is any stabbing weapon having two sharp edges and a point, including daggers, short swords and stilettos.” Richards v. Commonwealth, 18 Va.App. 242, 246 n. 2, 443 S.E.2d 177, 179 n. 2 (1994).
Neither of these definitions encompasses the knife at issue, which has a blade that folds into its handle by the physical effort of the user. The knife at issue in this case was fit to be carried in a pocket and does not have a fixed blade. Indeed, the Supreme Court recently held that “a pocketknife is neither a dirk, bowie knife, switchblade knife, ballistic knife, nor a weapon of like kind.” Wood, 255 Va. at 95, 495 S.E.2d at 261.
The knife at issue, just as any ordinary pocketknife, may be used for stabbing purposes. That fact, however, is not germane to the “letter and spirit” of the statute. Berry, 209 Va. *21 at 526, 165 S.E.2d at 292. To read the statute so broadly as to apply its proscription to a pocketknife, which, when opened, may be used to stab, impermissibly extends the statute by implication and applies it to cases not clearly described by the language of the statute. See Martin v. Commonwealth, 224 Va. 298, 300, 295 S.E.2d 890, 892 (1982).
I also disagree with the majority’s conclusion that other evidence suggested aggressive conduct and intent sufficient to support the trial judge’s determination that the knife was a weapon of like kind to a dirk. A mere accusation of disorderly conduct is not indicative of aggressive conduct or intention to use a knife as a weapon. The evidence proved that Delcid was standing outside the store with beer, which he discarded upon the arrival of the police. The police officer testified that before he frisked Delcid he asked if “he had any weapons on him.” He said Delcid replied “that he did, he had a knife in his pocket.” Delcid then allowed the officer to take the knife without any struggle. Delcid “made no threatening remarks, uttered no words that would reasonably incite a breach of the peace, [and] made no threatening movements toward the officers.” Ford v. City of Newport News, 23 Va.App. 137, 144, 474 S.E.2d 848, 851 (1996). Further, there is no evidence that Delcid was ever charged with disorderly conduct.
The majority also found compelling Delcid’s response when the officer asked if he had a weapon. Neither Delcid’s statement nor the nature of the police call that led to its discovery is relevant to our inquiry.
Unless a claim is made that a circumstance specified in Code § 18.2-308(B) (listing exclusions from coverage) or (C) (exempting certain individuals from coverage) is applicable, the language of the statute does not provide that the purpose for carrying the knife is relevant. Rather, the physical characteristics of the knife determine whether the knife is a weapon contemplated by the statute. Therefore, even if the trial judge believed [the accused] did not use the knife for [a sporting purpose] and believed [the accused] was not carrying it “for ordinary purposes,” the knife did not have the physical characteristics of the weapons speci *22 fied in Code § 18.2-308(A)(ii) and, thus, could not be deemed a “weapon of like kind as those enumerated.” Code § 18.2-308(A)(v).
Ricks, 27 Va.App. at 445, 499 S.E.2d at 576.
For these reasons, I would reverse the conviction. Therefore, I dissent.