BENTON, Judge,
concurring, in part, and dissenting, in part.
I concur in the parts of the opinion styled FACTUAL BACKGROUND and JURY INSTRUCTIONS and in the holding that the trial judge committed reversible error in refusing the instruction. I dissent from the other holdings and would reverse the convictions and dismiss the indictments.
I.
In pertinent part, Code § 18.2-308(A) provides as follows: If any person carries about his person, hidden from common observation, ... any dirk, bowie knife, switchblade knife, ballistic knife, razor, slingshot, spring stick, metal knucks, or blackjack ... or ... any weapon of like kind as those enumerated in this subsection, he shall be guilty of a Class 1 misdemeanor.
“[Bjecause the statute ... is penal in nature, it must be strictly construed against the state and limited in application to cases faffing clearly within the language of the statute.” Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). Furthermore, an accused person “is entitled to the benefit of any reasonable doubt about the construction of a *64 penal statute.” Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).
In Richards v. Commonwealth, 18 Va.App. 242, 246 n. 2, 443 S.E.2d 177, 179 n. 2 (1994), we noted that “[i]t is generally-agreed that in using such terms, [the General Assembly] intended] to exclude from concealed weapons statutes innocuous household and industrial knives.” The implement that O’Banion had in his pocket is a common industrial tool. Although it contains a razor blade as a part of its design, the industrial tool is not a “razor” or weapon of like kind prohibited by the statute. Likewise, a common kitchen steak knife is not within the scope of items prohibited by this statute. See Ricks v. Commonwealth, 27 Va.App. 442, 445, 499 S.E.2d 575, 576 (1998).
II.
In determining powers of local municipalities, “Virginia follows the Dillon Rule of strict construction.” City of Richmond v. Confrere Club, 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990). In applying the Dillon Rule, if there is a reasonable doubt whether the power exists, that doubt must be resolved against the municipality. See id.
Without any statutory authority, the Town of Leesburg and its police department entered into an agreement with the management of Loudoun House to act as a private security service and to decide, at the unfettered discretion of the police, who would and would not be allowed to enter private premises. In so doing, the Leesburg Police Department did not simply enforce the law against trespass; it took upon itself the property owner’s right to distinguish between welcome and unwelcome visitors to the apartment complex. When this case was decided, Code § 15.1-138 provided, with exceptions not applicable to this case, that police departments “shall have no power or authority in civil matters.” This type of barment was at the outset a civil matter.
As the majority recognizes, the evidence established that the decision whether to bar a person from the Loudoun House premises was left to the sole discretion of any police officer *65 employed by the Leesburg Police Department. That unfettered discretion to bar individuals resulted in the officers on the street deciding which persons could later be stopped and charged criminally. The Supreme Court has consistently overturned this kind of practice because it “ ‘necessarily entrusts lawmaking to the moment-to-moment judgment of the policeman on his beat.’ ” City of Chicago v. Morales, 527 U.S. 41, 60, 119 S.Ct. 1849, 1860, 144 L.Ed.2d 67 (1999) (quoting Kolender v. Lawson, 461 U.S. 352, 360, 103 S.Ct. 1855, 1859-60, 75 L.Ed.2d 903 (1983)); see also Smith v. Goguen, 415 U.S. 566, 575, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974) (holding that “such a standardless sweep allows policemen ... to pursue their personal predilections”). When conduct can be made criminal “at the whim of any police officer,” that delegation of authority to the officer is unconstitutional. Shuttlesworth v. Birmingham, 382 U.S. 87, 90, 86 S.Ct. 211, 213, 15 L.Ed.2d 176 (1965). Thus, stops and arrests by the police of persons who are barred by the exercise of this unfettered discretion are unreasonable under the Fourth Amendment and are an arbitrary deprivation of liberty by police, in violation of the Due Process clause.
For these reasons, I would reverse the convictions and dismiss the indictments.