COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


SHAKA AMIR FARRAKHAN

                                            MEMORANDUM OPINION* BY
v.        Record No. 1804-04-4            CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                NOVEMBER 29, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Thomas A. Fortkort, Judge Designate

             Paul E. Pepper, Deputy Public Defender, for appellant.

             Michael T. Judge, Assistant Attorney General (Judith Williams
             Jadgmann, Attorney General; Paul C. Galanides, Assistant
             Attorney General, on brief), for appellee.


        Shaka Farrakhan (appellant) appeals his conviction in a bench trial of possession of a

concealed weapon while a convicted felon, in violation of Code § 18.2-308.2.[1]  Appellant

contends that the evidence was insufficient to prove that the knife he carried was a proscribed

weapon.  Because we hold that the knife carried by appellant was a "weapon of like kind" as

contemplated by Code § 18.2-308(A), we affirm.

                                    I.  BACKGROUND

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also convicted of robbery in violation of Code § 18.2-58, but no issues
with regard to that conviction are before this Court.

"In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citations omitted).

Viewed in this light, the evidence established that on January 8, 2004, appellant entered the Nine West Outlet store in Alexandria between 11:00 a.m. and 11:30 a.m. wearing a long and bulky coat. Appellant walked over to a stack of women's boots. Angela Souber (Souber), a store clerk, followed appellant and asked if she could help him. Appellant responded with a few questions and then stated that he did not need further assistance.

Souber walked to the front door and stood near the door entrance. Appellant came toward the front door, holding two shoe boxes in both hands. Appellant then pulled a knife out of his jacket. Souber asked appellant to return the boots, and appellant jabbed the knife at her and told her to get out of his way. Souber backed away, and appellant ran outside and entered a taxicab.[2]

Souber testified that the knife looked like a "kitchen knife." The knife is 12¾ inches long with a 7¾ inch blade honed to a cutting edge and has a sharp point.

Appellant was indicted on the charges of robbery and possession of a concealed weapon while a convicted felon. At the bench trial on April 29, 2004, counsel for appellant moved to strike the charge of possessing a concealed weapon while a convicted felon, arguing that the knife was not a "weapon of like kind." The trial judge denied the motion to strike, finding that "This is not a pen knife or a pocket knife or something else. It is a kitchen knife, but it has a

_____

[2] Appellant does not contest the trial court's findings that he was a felon at the time of the robbery, that he possessed the knife that was presented to the trial court or that he concealed the knife. The sole issue on appeal is whether the knife appellant used is a "weapon of like kind" prohibited by statute.

- 2 -

long, thin blade, very much similar to that described in [Delcid v. Commonwealth, 32 Va. App. 14, 526 S.E.2d 273 (2000)]." The trial judge found appellant guilty of both charges.

## II. ANALYSIS

Appellant argues that the knife used in the robbery was not a "weapon of like kind" envisioned by Code § 18.2-308(A) and therefore that the trial court erred in finding him guilty of possession of a concealed weapon by a convicted felon. We disagree and affirm the judgment of the trial court.

Code § 18.2-308.2 prohibits a convicted felon from carrying "about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308." Code § 18.2-308(A) describes a weapon as "(ii) any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, slingshot, spring stick, metal knucks, or blackjack; . . . or (v) any weapon of like kind as those enumerated."

The determination of whether a particular knife is a "weapon of like kind" is "a question of fact to be determined by the trier of fact." Delcid, 32 Va. App. at 17, 526 S.E.2d at 274. Factual findings are given great deference, and the trial court's judgment will not be overturned unless it is "plainly wrong or without evidence to support it." Wilson v. Commonwealth, 46 Va. App. 408, 432, 617 S.E.2d 431, 443 (2005) (citation omitted). Furthermore, while penal statutes are to be strictly construed in favor of the accused, "a defendant is not entitled to benefit from an 'unreasonably restrictive interpretation of the statute.'" O'Banion v. Commonwealth, 33 Va. App. 47, 57, 531 S.E.2d 599, 604 (2000) (quoting Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 357 (1980)).

The determination of whether a particular instrument is a weapon contemplated by Code § 18.2-308(A) "requires consideration not only of the physical character of the instrument itself,

but also of the circumstances surrounding its possession and use." Delcid, 32 Va. App. at 18, 526 S.E.2d at 275.

> The purpose for which [a knife] is created *and employed* is a critical distinction between an implement and a weapon. Thus, while the specific purpose for which the item is possessed is not itself an element of the crimes defined by Code §§ 18.2-308(A) and 18.2-308.2, that purpose is one of the defining characteristics of the item in question.

Id. at 19, 526 S.E.2d at 275 (emphasis added). In Delcid, a knife with a "fixed blade, sharp point, and single-sharpened edge" afforded "unquestionable utility as a stabbing weapon" and so the "circumstances, coupled with the physical characteristics of the knife" supported the trial court's characterization of the knife as a weapon. Id. at 18, 526 S.E.2d at 275; see also Richards v. Commonwealth, 18 Va. App. 242, 246, 443 S.E.2d 177, 179 (1994) (finding a spring-blade knife to be a "weapon of like kind").

Conversely, the legislature intended "to exclude from concealed weapons statutes innocuous household and industrial knives which may be carried for legitimate purposes." Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2. Therefore, knives used for innocent purposes, rather than knives being used to carry out a criminal design, are less likely to fall into the category of "weapons" regardless of whether they have an intimidating physical appearance. See, e.g., Wood v. Henry County Public Schools, 255 Va. 85, 88, 95, 495 S.E.2d 255, 257, 261 (1998) (deciding that a pocketknife was not a weapon when appellant carried it on a school-sponsored field trip to a jail and handed the knife to the deputy); Ricks v. Commonwealth, 27 Va. App. 442, 499 S.E.2d 575 (1998) (finding that a kitchen knife with a four-inch blade was not a weapon when appellant was arrested for driving while intoxicated and the knife was found in a search of appellant's vehicle).

Appellant argues that because the knife used in the robbery was a "kitchen knife" it is not a "weapon of like kind." We disagree. The evidence amply supports the trial court's finding

- 4 -

that the knife was similar in appearance to the knife in <u>Delcid</u>. While nominally described as a "kitchen knife," the knife when viewed is more akin to a butcher's knife. It is 12¾ inches long with a sharp 7¾ inch blade that is finely honed and has a sharp point. It possesses, as discussed in <u>Delcid</u>, "unquestionable utility as a stabbing weapon." <u>Delcid</u>, 32 Va. App. at 18, 526 S.E.2d at 275. This was the threat posed by appellant.

In considering whether a knife is a "weapon of like kind" we look not only to the appearance of the instrument, but also to the purpose for which it was employed and the circumstances surrounding its use. The knife was used in a threatening manner in a robbery. Appellant concealed the knife in his jacket and used it to threaten the store clerk in order to escape the store with two pairs of boots. The clerk retreated "so that he wouldn't stab me in the stomach." In addition, appellant noted at his sentencing hearing that "I usually had a knife because I'm in high crime areas," implying that he could use the knife for protection.

The circumstances, when viewed as a whole, support the trial court's finding that the knife was a "weapon of like kind." Not only did the knife have the appearance of a weapon, evidenced by appellant's admission that he carried it for his own protection, but it also was used as the means necessary to effectuate a robbery. This holding comports with the purpose of Code § 18.2-308.2, which is "to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use." <u>Richards</u>, 18 Va. App. at 244, 443 S.E.2d at 178 (citation omitted). Therefore, we hold that the knife used in the instant case is a "weapon of like kind" for the purposes of Code § 18.2-308(A).

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

Benton, J., dissenting.

The majority concludes that the kitchen knife was a "weapon of like kind" due to the knife's appearance, its "utility as a stabbing weapon," Shaka Farrakhan's subjective perception of the knife, and how he used it. I disagree with this conclusion. I would reverse the conviction because a common kitchen knife is not within the scope of the items prohibited by Code § 18.2-308.

In pertinent part, Code § 18.2-308.2 prohibits "any person who has been convicted of a felony . . . to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in [Code § 18.2-308(A)]." Code § 18.2-308 proscribes concealing "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor . . . or . . . any weapon of like kind as those enumerated in this subsection." At issue in this case is the definition of "weapons of like kind," a matter of interpreting the statutory language. "Statutory interpretation presents a pure question of law subject to *de novo* review by this Court." Horner v. Dep't of Mental Health, 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004).

"[P]enal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language of the statute." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "They cannot be extended by implication." Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985). In our construction of penal statutes, we must give the accused the benefit of a reasonable doubt about the law, as he benefits from a reasonable doubt about the facts. Enoch v. Commonwealth, 141 Va. 411, 436, 126 S.E. 222, 230 (1925); see also Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982). Thus, the question for us to consider is whether there is a reasonable doubt that the language "weapon of like kind" encompasses a kitchen knife.

The term "weapons of like kind" does not include every type of knife. Wood v. Henry County Public Schools, 255 Va. 85, 95, 495 S.E.2d 255, 261 (1998) (holding that the statute does not encompass pocketknives); see also O'Banion v. Commonwealth, 33 Va. App. 47, 58, 531 S.E.2d 599, 604 (2000) (noting that the statute "does not absolutely prohibit a felon from carrying a knife"). The legislature "intended to exclude . . . innocuous household and industrial knives." Richards v. Commonwealth, 18 Va. App. 242, 246 n.2, 443 S.E.2d 177, 179 n.2 (1994).

In analyzing the scope of "weapons of like kind," we should first look at the types of weapons enumerated.

> "[W]hen a particular class of . . . things is enumerated in a statute and the general words follow, the general words are to be restricted in their meaning to a sense analogous to the less general, particular words. Likewise . . . when general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words."

Wood, 255 Va. at 94, 495 S.E.2d at 260-61 (citations omitted) (discussing the principles of *ejusdem generis* and *noscitur a sociis*). Thus, the definition of the general words "any weapon of like kind" is limited by the nature of the weapons that the statute specifically names. See Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, 266 Va. 455, 470, 587 S.E.2d 701, 710 (2003) ("Under this doctrine, . . . the general words will not be construed to include matters within their broadest scope[.]").

A knife must closely resemble one of the enumerated weapons to qualify as a "weapon of like kind." See O'Banion, 33 Va. App. at 60, 531 S.E.2d at 605 (holding that a box cutter is a weapon of like kind to a razor); Delcid v. Commonwealth, 32 Va. App. 14, 18, 526 S.E.2d 273, 275 (2000) (holding that a butterfly knife is a weapon of like kind to a dirk). A knife's physical characteristics determine whether it is a weapon contemplated by the statute. Ricks v. Commonwealth, 27 Va. App. 442, 445, 499 S.E.2d 575, 576 (1998). If the legislature had

intended for the statute to cover kitchen knives or large knives, it could have drafted the statute to include those knives.

In this case, the trial judge found the knife was a kitchen knife, but physically similar to the knife in Delcid, 32 Va. App. 14, 526 S.E.2d 273, because it had a "long, thin blade." This description of the kitchen knife's physical characteristics is not sufficient to bring it within the statutory definition of "weapons of like kind." The statute only encompasses the enumerated weapons and "weapon[s] of like kind as those enumerated." Code § 18.2-308. The type of knife at issue in Delcid, a butterfly knife, is not a weapon enumerated in the statute.

In addition, the knife at issue in this case does not bear even a vague resemblance to a butterfly knife. The knife we described in Delcid had a single blade that could fold into its hinged handle. Delcid, 32 Va. App. at 17, 526 S.E.2d at 274. Farrakhan's knife had a fixed blade and a plastic handle. A folded butterfly knife fits easily and safely in a pocket. A kitchen knife does not. Kitchen knives are found in every household and many businesses, while butterfly knives are not. In fact, some states specifically prohibit possessing or selling butterfly knifes, see, e.g., Ark. Code § 5-73-120; while others have deemed them to be of like kind to a switchblade. See State v. Riddell, 811 P.2d 576 (N.M. Ct. App. 1991) (prohibiting butterfly knives as a type of switchblade).

True, the knife in this case has a long, thin blade, but so do many steak knives, which the statute does not prohibit. See Ricks, 27 Va. App. 442, 499 S.E.2d 575. True, it has a sharp point, a sharp edge, and can be used as a stabbing weapon, but so do many pocketknives and most steak knives, which the statute does not encompass. See id.; Wood, 255 Va. at 95, 495 S.E.2d at 261. Indeed, these criteria that the majority uses are not statutory factors and cannot be determinative because most knives (including ordinary pocketknives) can be used as stabbing weapons, regardless of size. See Wood, 255 Va. at 95, 495 S.E.2d at 261 (holding that "a

- 8 -

pocketknife is neither a dirk, bowie knife, switchblade knife, ballistic knife, nor a weapon of like kind").

The majority found Farrakhan's statement implying that he had the knife for self-protection and his actual use of the knife as a weapon persuasive to show the knife is a "weapon of like kind." Neither Farrakhan's statement nor his use of the knife is relevant to our inquiry. See Ricks, 27 Va. App. at 445, 499 S.E.2d at 576; see also Wood, 255 Va. at 94-95, 495 S.E.2d at 260-61 (concluding that a pocketknife is not a weapon of like kind without considering the student's subjective perception of the knife or his purpose for having it). The language of the statute does not provide that the purpose for carrying an item is relevant to whether it is a prohibited weapon. Ricks, 27 Va. App. at 445, 499 S.E.2d at 576.

The statutory language that the legislature chose does not proscribe all knives or even all large knives. Because the statute employs language limiting the nature of the knives and one reasonable construction of that language excludes the kitchen knife at issue from the statute, we must resolve any reasonable doubt respecting its intended meaning in the accused's favor. For these reasons, I would reverse the conviction for possession of a concealed weapon while a convicted felon. Therefore, I dissent.