Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[1]

JOSEPH H. HARRIS, JR.

v.  Record No. 061719  OPINION BY JUSTICE CYNTHIA D. KINSER
                                September 14, 2007
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Joseph H. Harris, Jr. was convicted of possessing a concealed weapon, specifically a box cutter, after having been convicted of a felony, in violation of Code § 18.2-308.2(A).  Because the box cutter concealed by Harris is not a weapon described in Code § 18.2-308(A), the evidence to sustain his conviction was insufficient as a matter of law.  We will therefore reverse the judgment of the Court of Appeals of Virginia and vacate Harris' conviction.

Douglas Otmers, a deputy with the Southampton County Sheriff's Office, arrested Harris for public intoxication and conducted a search of Harris' person incident to the arrest.[2]  During the search, Deputy Otmers found what he referred to as a "box cutter" in the front left pocket of Harris' pants.  Deputy Otmers subsequently learned that Harris had several prior felony convictions.  A grand jury

---

[1] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.
[2] Harris does not challenge the legality of either his arrest or the search incident to the arrest.

indicted Harris for possession of a concealed weapon by a felon in violation of Code § 18.2-308.2(A).

At Harris' bench trial in the Circuit Court of Southampton County, Deputy Otmers testified that the box cutter contained two razor blades. The razor blade located in the front portion of a gray metal handle could be extended and retracted by manipulating a lever on the handle. The other razor blade was stored inside the handle.

Yvonne Ellis, Harris' sister, testified that Harris performs utility, carpentry, and brick masonry work. Ellis further stated that the box cutter in question belonged to her and that Harris had used the tool to install carpet in her living room on the evening of his arrest for public intoxication.

Harris testified that, while serving time in the penitentiary, he became a skilled tradesman in performing, among other things, floor-covering work. Harris stated that a box cutter is one of the tools he learned to use and admitted that he was carrying the box cutter in question because he had been installing carpet at his sister's home. According to Harris, he forgot that he had the box cutter in his pocket. He also acknowledged that he understood, as

2

a convicted felon, he could not legally possess a concealed weapon.

At the close of all the evidence, Harris argued, among other things, that the box cutter in question was not a weapon, but a tool of his trade, and that he was therefore not guilty of carrying a concealed weapon. The circuit court concluded that the implement Harris was carrying is commonly known as a box cutter. Relying on the decision in O'Banion v. Commonwealth, 33 Va. App. 47, 59, 531 S.E.2d 599, 605 (2000) (holding that a box cutter is "a weapon within the proscriptive reach of Code § 18.2-308.2"), the circuit court further concluded that carrying a box cutter concealed after having been convicted of a felony violates Code § 18.2-308.2(A) and thus found Harris guilty of the charged offense.

In an unpublished order, the Court of Appeals of Virginia cited O'Banion and denied Harris' petition for appeal, holding that the evidence proved that Harris carried a box cutter, which is "a forbidden weapon under Code § 18.2-308(A)." Harris v. Commonwealth, Record No. 2661-05-1, slip op. at 3 (April 20, 2006). For the reasons stated in the April 20, 2006 order, a three-judge panel of the Court of Appeals also denied the petition for appeal.

3

<u>Harris v. Commonwealth</u>, Record No. 2661-05-1 (July 21, 2006).  Harris then appealed to this Court.

The provisions of Code § 18.2-308.2(A) make it unlawful for any person who has been convicted of a felony "to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of [Code] § 18.2-308."  As relevant to this appeal, the weapons described in Code § 18.2-308(A) include "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, slingshot, spring stick, metal knucks, or blackjack; . . . or . . . any weapon of like kind as those enumerated in this subsection."  The dispositive question in this appeal is whether the subject box cutter is one of the specifically proscribed items, and if not, whether it is nevertheless a "weapon of like kind."  Code § 18.2-308(A).  Because this question requires construction of a statute, it is a question of law, which we review de novo on appeal.  <u>Farrakhan v. Commonwealth</u>, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007).

In <u>Farrakhan</u>, we set forth the analytical framework for deciding whether an item falls within the reach of Code § 18.2-308(A):

> If the . . . item in question meets the definition of an enumerated item within Code § 18.2-308(A), the evidence is clearly sufficient

for a conviction under the statute.  Additionally,
if the . . . item is not enumerated, concealment of
the item may be proscribed by Code § 18.2-308(A) if
it is a "weapon of like kind."  However, before
examination of similar physical characteristics to
enumerated items, the item in question must first
be a "weapon."

. . . .

. . . Upon establishing that the item in
question is a "weapon," the analysis continues to
determine if the item possesses such similar
characteristics to the enumerated items in the
Code § 18.2-308(A) such that its concealment is
prohibited.

Id. at 182, 639 S.E.2d at 230.

Relying on the decision of the Court of Appeals in

O'Banion, the Commonwealth contends that the subject box

cutter qualifies as one of the enumerated items in Code

§ 18.2-308(A), i.e., a razor.  In O'Banion, the defendant,

like Harris, was carrying concealed a box cutter described

as "a cutting instrument that holds a razor blade."  33 Va.

App. at 59, 531 S.E.2d at 605.  Employing the dictionary

definition of the term "razor,"[3] the Court of Appeals

concluded that, "by incorporating a razor blade, the box[]

cutter combine[d] the fine-edged sharpness of a straight

---

[3] That definition states that a "razor" is " 'a keen-
edged cutting instrument made with the cutting blade and
handle in one (as a straight razor) or with the cutting
blade inserted into a holder (as a safety razor or electric
razor) and used chiefly for shaving or cutting the hair.' "
O'Banion, 33 Va. App. at 60, 531 S.E.2d at 605 (quoting
Webster's Third New International Dictionary 1888 (1981)).

5

razor with the retracting capacity of a locked-blade knife." Id. at 60, 531 S.E.2d at 605. The Court of Appeals held that "[t]hose characteristics bring the box[]cutter squarely within the definitio[n] of "razor" under Code [§] 18.2-308(A)." Id. The Commonwealth urges this Court to follow the rationale of O'Banion and find that the evidence was sufficient to sustain Harris' conviction. We do not agree with the Commonwealth's position.

The current dictionary definition of the term "razor" refers to both a straight razor and a safety razor. See supra note 3 and accompanying text. A box cutter is neither; it is defined as "a small cutting tool that is designed for opening cardboard boxes and typically consists of a retractable razor blade in a thin metal sheath." Merriam-Webster's Collegiate Dictionary 148 (11th ed. 2004). Furthermore, when a razor was added to the list of items that could not lawfully be carried concealed, see 1884 Acts ch. 143, the term "razor" was defined as "a knife with a keen edge and broad back, used for shaving." A Dictionary of the English Language 828 (1885); see also A Dictionary of the English Language 1187 (1880) (defining the term "razor" as "[a] knife or instrument for shaving off beard or hair").

6

Because we must strictly construe penal statutes, see Farrakhan, 273 Va. at 182, 639 S.E.2d at 230, we hold the subject box cutter is not a razor within the meaning of Code § 18.2-308(A). See In re Michael R., 16 Cal. Rptr. 3d 291, 292-93 (Cal. Ct. App. 2004) (holding that a box cutter did not constitute a "razor with an unguarded blade" and was therefore not a weapon under the California statute at issue). Merely because a box cutter contains a sharp-edged, razor-type blade that is retractable does not mean that a box cutter meets the definition of the item "razor" enumerated in Code § 18.2-308(A). To the extent that the decision in O'Banion is inconsistent with this holding, it is overruled.

The analysis, however, does not end at this juncture. As we explained in Farrakhan, even if an item is not one of the items enumerated in Code § 18.2-308(A), concealment of the item may still be prohibited if it is a "weapon of like kind." Code § 18.2-308(A). The item must first be a "weapon." If it is not, the analysis ends, and it is not necessary to compare the item's characteristics to those of the enumerated items to decide if it is "of like kind."

In Farrakhan, we held "that in order to be a 'weapon' within the definition of 'weapon of like kind,' the item must be designed for fighting purposes or commonly

7

understood to be a 'weapon.'" 273 Va. at 182, 639 S.E.2d at 230. Like the kitchen knife at issue in that case, the box cutter that Harris was carrying concealed was not designed for fighting purposes. Nor can we say that a box cutter is commonly understood to be a weapon. As reflected by its dictionary definition, a box cutter is designed to open cardboard boxes. Therefore, we hold that the subject box cutter is not a " 'weapon' within the definition of 'weapon of like kind.' " Id.; see also Holley v. State, 877 So.2d 893, 896 (Fla. Dist. Ct. App. 2004) (holding that a box cutter is not a "deadly weapon" under the Florida statute at issue).

We are keenly aware that a box cutter is a potentially dangerous instrumentality and has, in fact, been used as such in the past. It is, however, the role of the General Assembly, not this Court, to craft any needed revisions to Code § 18.2-308(A) and to decide what items to include within the statute's proscription. We are required to construe Code § 18.2-308(A) strictly against the Commonwealth and to confine the statute to those offenses clearly proscribed by its plain terms. See Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985) (penal statutes "cannot be extended by implication but must be confined to those offenses proscribed by the language

8

employed"). Harris, like any defendant, "is entitled to the benefit of any reasonable doubt about the construction of a penal statute." Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).

For these reasons, we conclude that the evidence was insufficient as a matter of law to sustain Harris' conviction for carrying a concealed weapon after having been convicted of a felony. We will therefore reverse the judgment of the Court of Appeals and vacate Harris' conviction.[4]

Reversed.

---

[4] In light of our decision, it is not necessary to address Harris' other assignments of error.