COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


EDWARD J. GARABEDIAN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1957-08-1                      JUDGE ELIZABETH A. McCLANAHAN
                                                    DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                           Von L. Piersall, Jr., Judge Designate

              Harry Dennis Harmon, Jr., for appellant.

              Benjamin H. Katz, Assistant Attorney General (William C. Mims,
              Attorney General, on brief), for appellee.


        Edward J. Garabedian was convicted, in a bench trial, of possessing a concealed weapon

by a convicted felon, in violation of Code § 18.2-308.2.  On appeal, Garabedian argues the

Commonwealth's evidence was insufficient to sustain his conviction because the knife in his

possession for which he was convicted did not meet the definition of a weapon under the statute.

Garabedian's knife is materially indistinguishable from the knife at issue in our recent decision,

McMillan v. Commonwealth, __Va. App. __, __ S.E.2d __ (Dec. 22, 2009) (*en banc*), where we

reversed appellant's conviction under Code § 18.2-308.2.  McMillan dictates reversal of

Garabedian's conviction.

        A felon is prohibited from "knowingly and intentionally carry[ing] about his person,

hidden from common observation, any weapon described in subsection A of § 18.2-308."  Code

§ 18.2-308.2(A).  Code § 18.2-308(A) enumerates several weapons, including, "any dirk, bowie

_____

        *Pursuant to Code § 17.1-413, this opinion is not designated for publication.

knife, switchblade knife, ballistic knife, machete, [or] razor . . . ." This section also prohibits concealing "any weapon of like kind as those enumerated . . . ." Id. If the bladed item is not one of the enumerated items under subsection A, the analysis thus turns to whether it is a "weapon of like kind as those enumerated." "For an item 'to be a "weapon" within the definition of "weapon of like kind," the item must be designed for fighting purposes or commonly understood to be a "weapon.""" McMillan, __ Va. App. at __, __ S.E.2d at __ (quoting Harris v. Commonwealth, 274 Va. 409, 415, 650 S.E.2d 89, 92 (2007) (quoting Farrakhan v. Commonwealth, 273 Va. 177, 182, 639 S.E.2d 277, 230 (2007))).

In McMillan, we focused on whether McMillan's knife was either a dirk or a bowie knife, or a "weapon of like kind" to one of those knives. We concluded that, "[u]like a dirk, the knife McMillan possessed lacked a 'long blade' and a 'protective guard where the blade meets the handle' or a 'hilt . . . terminating in a pommel.'" Id. at __, __ S.E.2d at __. The blade of McMillan's knife was approximately four inches, and the total length of the knife was approximately eight inches. Id. at __, __ S.E.2d at __. We also concluded that McMillan's knife was not a bowie knife, which is "'a large hunting knife adapted [especially] for knife-fighting' with a '10 to 15 inch [] long' blade.'" Id. at __, __ S.E.2d at __ (quoting Thomas v. Commonwealth, 277 Va. 280, 288 n.5, 673 S.E.2d 469, 472 n.5 (2009)). Then concluding that the record was "devoid of any facts on which one could find that the knife is either designed for fighting purposes or commonly understood to be a weapon," we reversed McMillan's conviction under Code § 18.2-308.2. Id. at __, __ S.E.2d at __.

Here, in convicting Garabedian under Code § 18.2-308.2, the trial court found that his knife was either a bowie knife or "a knife very similar in nature to one." Much like the knife in McMillan, the blade of Garabedian's knife was approximately four inches and the total length of the knife was approximately eight and a half inches. We thus conclude, as a matter of law, that

Garabedian's knife was not a bowie knife.  Furthermore, as in <u>McMillan</u>, there is no evidence in the record that Garabedian's knife was either designed for fighting purposes or commonly understood to be a weapon.  There was, therefore, insufficient evidence to establish that Garabedian's knife was a "weapon of like kind" to a bowie knife under Code § 18.2-308.2.

For these reasons, we reverse Garabedian's conviction.

<u>Reversed.</u>