COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


DAVID CLINTON GREEN

                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 0771-09-2                       JUDGE ROSSIE D. ALSTON, JR.
                                                            DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


                     FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                  Burnett Miller, III, Judge

             Russell N. Allen for appellant.

             Eugene Murphy, Senior Assistant Attorney General (William C.
             Mims, Attorney General, on brief), for appellee.


        David Clinton Green (appellant) appeals his conviction of possession of a concealed

weapon by a convicted felon, in violation of Code § 18.2-308.2(A).  He argues that the

Commonwealth failed to produce sufficient evidence to convict him of the charge.  We hold that

the evidence, viewed in the light most favorable to the Commonwealth, does not establish that

the knife appellant possessed was one of the items proscribed by Code § 18.2-308(A).

Therefore, we reverse appellant's conviction for possession of a concealed weapon by a

convicted felon and dismiss the indictment.

                                    I.  BACKGROUND

        In determining the sufficiency of the evidence, we consider the evidence in the light most

favorable to the Commonwealth, as the prevailing party below, and grant to it all reasonable

inferences.  Morris v. Commonwealth, 272 Va. 732, 734, 636 S.E.2d 436, 437 (2006).  So

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

viewed, the evidence proved that on June 19, 2008, a police officer approached appellant on the street, noting that appellant matched the description of a person with outstanding warrants. The officer obtained consent to frisk appellant for weapons. During the pat down, appellant fled. The officer ran after appellant, hit him with his baton, and forced appellant to the ground. A brief struggle ensued, and appellant was eventually secured and arrested. In a search incident to arrest, the officer found a knife, most closely resembling a kitchen steak knife, in appellant's waistband. Appellant told the officer that he had the knife for protection. Appellant was charged with obstruction of justice and possession of a concealed weapon by a convicted felon.[1]

At trial, the Commonwealth introduced the knife and a certified copy of appellant's prior felony conviction into evidence.[2] Appellant made a motion to strike, arguing that the knife appeared consistent with a culinary or steak knife and, therefore, was not a weapon prohibited by Code § 18.2-308.[3] The trial court denied appellant's motion, finding that although the knife may

---

[1] Appellant did not challenge his conviction of obstruction of justice.

[2] The Commonwealth's exhibit shows the knife measures approximately ten inches, with a five and three-quarters inch blade and a wooden handle. The knife has one sharp edge and one blunt edge.

[3] Code § 18.2-308(A) provides in relevant part:

> If any person carries about his person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or intended to propel a missile of any kind by action of an explosion of any combustible material; (ii) any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, slingshot, spring stick, metal knucks, or blackjack; (iii) any flailing instrument consisting of two or more rigid parts connected in such a manner as to allow them to swing freely, which may be known as a nun chahka, nun chuck, nunchaku, shuriken, or fighting chain; (iv) any disc, of whatever configuration, having at least two points or pointed blades which is designed to be thrown or propelled and which may be known as a throwing star or oriental dart; or (v) any weapon of like kind as those enumerated in this subsection, he shall be guilty of a Class 1 misdemeanor.

not be "one designed for weaponry," appellant possessed the knife for self-defense. During the presentation of the defense's evidence, appellant testified that he was using the knife to shuck clams and denied making any statement that he used the knife for protection.

At the close of all the evidence, appellant renewed his motion to strike. The trial court, again denying appellant's motion, stated that while the knife was "not much of a kitchen knife, much of a dirk, or much of a bowie knife, . . . it does appear to be an item of . . . like kind to a bowie knife or a dirk, even though it has one [sharp] edge." Given appellant's statement that he used the knife for protection, the trial court found the knife met the definition of a weapon of like kind, proscribed by Code § 18.2-308, and convicted appellant of possession of a concealed weapon. This appeal followed.

## II. ANALYSIS

The most famous scene in the movie Crocodile Dundee occurs when the two stars of the movie, Mick and Sue, are menaced by a trio of miscreants, one of whom brandishes a switchblade. Sue tells Mick to give the thief his wallet, because he has a knife. Mick laughs and says, "That's not a knife." Mick then draws his much larger bowie knife and slashes the would-be mugger's jacket with the words: "*That's* a knife!" While Mick's analysis—you know a weapon when you see one—may be more intuitive, we are bound by a substantive statutory framework in our determination of what consitutes a weapon.[4]

Virginia law prohibits a felon from "knowingly and intentionally carry[ing] about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308." Code § 18.2-308.2(A). Code § 18.2-308(A)(ii) enumerates several weapons, including, "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, slingshot, spring stick, metal

---

[4] In fact, Mick's intuition would be incorrect under our analysis. The knife-wielder possessed a switchblade, an item enumerated in and proscribed by Code § 18.2-308(A)(ii).

knucks, or blackjack." This section also prohibits concealing "any weapon of like kind as those enumerated." Code § 18.2-308(A)(v). In support of his claim that the evidence was insufficient to convict him of possession of a concealed weapon by a convicted felon, appellant argues that the evidence failed to prove that his knife was a weapon within the scope of Code § 18.2-308.2(A). We agree with appellant that the knife he possessed was not a weapon.

To convict appellant under Code § 18.2-308.2(A), the Commonwealth must prove, *inter alia*, that the knife appellant possessed is one of the statutorily proscribed items or a "weapon of like kind." Code § 18.2-308.2(A)(v); see also Thompson v. Commonwealth, 277 Va. 280, 287, 673 S.E.2d 469, 472 (2009); McMillan v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Dec. 22, 2009) (en banc). When reviewing whether the evidence is sufficient, "we presume the judgment of the trial court to be correct and will not set it aside unless it is plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (internal quotations omitted). "The construction of a statute, however, is a question of law reviewed de novo on appeal." Thompson, 277 Va. at 287, 673 S.E.2d at 472 (citing Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 277, 229 (2007)).

In Farrakhan, 273 Va. at 182, 639 S.E.2d at 230, our Supreme Court provided an analytic framework for evaluating whether an item falls within the purview of this statute. The initial inquiry is whether the bladed item is one enumerated in the statute. Id. If it is, the evidence is sufficient to convict and the inquiry ends. Id. However, if the bladed item is not one of the enumerated items, then the court must determine whether the item is a weapon. Id.; Harris v. Commonwealth, 274 Va. 409, 415, 650 S.E.2d 89, 91-92 (2007). The analysis ends here if the bladed item is not a weapon. Farrakhan, 273 Va. at 183, 639 S.E.2d at 230; Harris, 274 Va. at

- 4 -

415, 650 S.E.2d at 92. Only if the item is a weapon, does "the analysis continue[] to determine if the item possesses such similar characteristics to the enumerated items in the Code § 18.2-308(A) such that its concealment is prohibited." Farrakhan, 273 Va. at 182, 639 S.E.2d at 230.

On appeal, the Commonwealth does not argue, and the trial court did not find, that the knife is one of the enumerated items in the statute. Thus, our inquiry focuses on whether the knife is a weapon, such that it could be a weapon of like kind. For an item "'to be a "weapon" within the definition of "weapon of like kind," the item must be designed for fighting purposes or commonly understood to be a "weapon."'" Harris, 274 Va. at 415, 650 S.E.2d at 92 (quoting Farrakhan, 273 Va. at 182, 639 S.E.2d at 230).

Our Supreme Court elaborated on this step of the analysis in Thompson, 277 Va. at 288-89, 673 S.E.2d at 472-73. In that case, a police officer testified that knives like the butterfly knife at issue are "designed for a one-handed operation with a flip of the wrist," and "are very dangerous for police officers, due to the fact that they are easily concealed." Id. at 285, 673 S.E.2d at 470. Further, the officer retrieved "'this exact type of knife' . . . from gang members on several occasions." Id. The Court concluded that there was sufficient evidence in the record to prove that

> Thompson's butterfly knife is a "weapon" because the evidence at trial concerning the knife's physical characteristics and method of operation established that it is "designed for fighting purposes" and is "commonly understood to be a 'weapon.'" Farrakhan, 273 Va. at 182, 639 S.E.2d at 230; accord Harris, 274 Va. at 415, 650 S.E.2d at 92.

Id. at 288, 673 S.E.2d at 472-73.

This Court, relying on Thompson, very recently reiterated that the trial court must provide a basis for its determination that an item is a weapon, before it can determine that it is a weapon of like kind. McMillan, ___ Va. App. at ___, ___ S.E.2d at ___. In McMillan, the

- 5 -

Court held that a knife, described by the officer testifying at trial as a scuba knife, was not a weapon. "Unlike the police officer in Thompson, 277 Va. at 285, 673 S.E.2d at 470, the officer in this case did not testify about the knife's method of operation, the purpose for which it was designed, or its commonly understood uses." McMillan, ___ Va. App. at ___, ___ S.E.2d at ___. Finding no evidence to support the determination that the knife was a weapon, this Court held that the knife could not be a weapon of like kind, and reversed McMillan's conviction.

As in McMillan, the officer in this case did not testify about the knife's method of operation, the purpose for which it was designed, or the uses for which it is commonly understood. In fact, there was no testimony whatsoever as to the knife's characteristics. The Commonwealth's only evidence was the knife itself and the officer's testimony that appellant said he used the knife for protection. The record is devoid of any facts on which one could find that the knife is either designed for fighting purposes or commonly understood to be a weapon. On the contrary, the record shows that the trial judge assumed the item was "not a knife designed for weaponry."

The officer's statement that appellant carried the knife for protection does not change the physical characteristics of the knife appellant possessed or its method of operation such that it becomes a weapon. See Thompson, 277 Va. at 291, 673 S.E.2d at 474 (stating that "as we explained in Farrakhan, '[s]ubsequent use or circumstances may not be considered in the definitional analysis of "weapon"'"). "Nor can the purpose for which an individual carries a knife be dispositive as to whether that knife is either 'designed for fighting purposes' or 'commonly understood' to be a weapon." McMillan, ___ Va. App. at ___, ___ S.E.2d at ___.

Though the knife in question could be a dangerous instrument in the hands of a person with criminal intent, the issue before this Court is "what is proscribed by statute as unlawful not simply what may be dangerous." Farrakhan, 273 Va. at 183, 639 S.E.2d at 230. We strictly

construe penal statutes against the Commonwealth. <u>Harris</u>, 274 Va. at 414, 650 S.E.2d at 91 (citing <u>Farrakhan</u>, 273 Va. at 182, 639 S.E.2d at 230). We conclude that the evidence before us does not establish that appellant's knife is designed for fighting purposes, nor is it commonly understood to be a weapon. Because the parties concede that appellant's knife is not enumerated in the statute and we conclude that it is not a weapon, we need not address whether it is a weapon of like kind.

### III. CONCLUSION

For these reasons, we reverse and vacate appellant's conviction for possession of a concealed weapon by a convicted felon, in violation of Code § 18.2-308.2(A).

<u>Reversed and dismissed.</u>