COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Powell
Argued at Chesapeake, Virginia


RANDOR LEE UZZLE, SR.

                                                         MEMORANDUM OPINION[*] BY
v.        Record No. 1282-09-1                          JUDGE CLEO E. POWELL
                                                              JUNE 15, 2010
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Everett A. Martin, Jr., Judge

          Charles A. Johnson (Charles A. Johnson, P.C., on brief), for
          appellant.

          Richard B. Smith, Special Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Randor Lee Uzzle, Sr. ("Uzzle") was convicted of possession of a concealed weapon by a

convicted felon, in violation of Code § 18.2-308.2.  On appeal, Uzzle makes several arguments

as to why the razor that he possessed was not a weapon within the meaning of Code

§ 18.2-308(A).  For the reasons that follow, we disagree with Uzzle's arguments and affirm his

conviction.

                                      I.  BACKGROUND

       On September 11, 2008, Norfolk police responded to a fast-food restaurant after Uzzle

cut a woman on the face with a box cutter.  When the officers attempted to arrest him, Uzzle

pulled the box cutter from his pocket.  In response, an officer stunned Uzzle with a taser gun.

During the search incident to arrest, in addition to the box cutter, officers recovered a small,

steak knife and a razor from Uzzle's pocket.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At trial, the Commonwealth conceded that neither the knife nor the box cutter were weapons under Code § 18.2-308(A). The trial court held that the item Uzzle possessed was

> [v]ery much like the old-fashioned straight razor. You open it up. The razor blade is completely exposed, not partially concealed as it is with the box cutter. The blade is about two inches long, same design, same abilities. So I'll find that [it] is a weapon within the meaning of the statute. Find that it was also completely concealed and he is a convicted felon, so I'll convict him . . . .

## II. ANALYSIS

On appeal, Uzzle argues both that the term razor is "unconstitutionally vague or overbroad" and that the definition of razor has expanded over the years and this Court should "either engage in an analysis of which razors are incorporated within the intent of Code § 18.2-308(A) or strike the term from the statute and defer to the Legislature for such corrective action as it deems appropriate." Rule 5A:18 mandates that "[n]o ruling of the trial court . . . will be considered a basis for reversal unless the objection was stated with the grounds therefor at the time of the ruling . . . ." "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). "Making one specific argument on an issue does not preserve a separate legal point on the same issue." Edwards v. Commonwealth, 41 Va. App. 752, 760-61, 589 S.E.2d 444, 448 (2003) (*en banc*). Though Rule 5A:18 permits us to consider unpreserved arguments when good cause is shown or to meet the ends of justice, appellant does not argue that we should invoke one of these exceptions, and we will not consider such an argument *sua sponte*. Id. at 761, 589 S.E.2d at 448. Because Uzzle made neither of these arguments to the trial court, Rule 5A:18 bars our consideration of these arguments on appeal. Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 90-91 (2007).

Uzzle admits that the item he possessed is a razor but argues that an item is not a weapon under the statute if it is used as a tool as he contends that the razor that he possessed is used. "[W]e view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences therefrom." Barlow v. Commonwealth, 26 Va. App. 421, 428-29, 494 S.E.2d 901, 904 (1998). "When ruling upon the sufficiency of the evidence, we grant the judgment of the trial court sitting without a jury the same weight as a jury verdict and will not disturb that judgment on appeal unless it is plainly wrong or without evidence to support it." Ellis v. Commonwealth, 29 Va. App. 548, 554-55, 513 S.E.2d 453, 456 (1999) (citing Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991)). We "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). The question of whether a certain item falls within Code § 18.2-308(A) is a question of law reviewed *de novo* on appeal.

Code § 18.2-308.2(A) prohibits a convicted felon from "knowingly and intentionally carry[ing] about his person, hidden from common observation, any weapon described in subsection A of [Code] § 18.2-308." Code § 18.2-308(A) prohibits the concealment of numerous enumerated weapons, including, "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, slingshot, spring stick, metal knucks, or blackjack . . . ." As this Court stated in McMillan v. Commonwealth, 55 Va. App. 392, 397, 686 S.E.2d 525, 527 (2009),

> [t]he initial inquiry is whether the bladed item is one enumerated in the statute. If it is, the evidence is sufficient to convict and the inquiry ends. However, if the bladed item is not enumerated, the next question is: is the bladed item a weapon? The analysis ends here if the bladed item is not a weapon. Only if the item is a weapon, does "the analysis continue [] to determine if the item possesses such similar characteristics to the enumerated items in Code § 18.2-308(A) such that its concealment is prohibited." Farrakhan [v. Commonwealth], 273 Va. [177,] 182, 639 S.E.2d [227,] 230 [(2007)].

In Sykes v. Commonwealth, 37 Va. App. 262, 270-72, 556 S.E.2d 794, 798 (2001), this Court considered whether a convicted felon could legally conceal a razor blade, prior to the Supreme Court of Virginia's decision in Farrakhan. There, the Court looked to the plain meaning of the terms used in Code § 18.2-308(A), concluded that "the statute is clear on its face[,]" and held that "'[a]ny . . . razor' is explicitly included as a 'weapon' in Code § 18.2-308." Id. at 272, 556 S.E.2d at 798. The Supreme Court of Virginia's decision in Farrahkan does not overturn this Court's decision in Sykes. Indeed, after Farrahkan, the Supreme Court of Virginia addressed the definition of a razor. Harris, 274 Va. at 414, 650 S.E.2d at 91. "The current dictionary definition of the term 'razor' refers to both a straight razor and a safety razor." Id. "Furthermore, when a razor was added to the list of items that could not lawfully be carried concealed, see 1884 Acts ch. 143, the term 'razor' was defined as 'a knife with a keen edge and broad back, used for shaving.'" Id. (quoting A Dictionary of the English Language 828 (1885)); see also A Dictionary of the English Language 1187 (1880) (defining the term "razor" as "[a] knife or instrument for shaving off beard or hair").

Here, as Uzzle admits, the object that he possessed was a razor. Contrary to Uzzle's argument that the razor is not a weapon because of the way in which he used it, because the razor is one of the enumerated items, the manner in which he used it is irrelevant to the analysis. Moreover, the trial court stated, it is "[v]ery much like the old-fashioned straight razor. You open it up. The razor blade is completely exposed, not partially concealed as it is with the box cutter. The blade is about two inches long, same design, same abilities." Because a razor is one of the enumerated items, the evidence is sufficient to convict and the inquiry ends.

### III. CONCLUSION

For the foregoing reasons, we affirm Uzzle's conviction for possession of a concealed weapon by a convicted felon because, in the light most favorable to the Commonwealth, the item

Uzzle was convicted of possessing is one of the specifically enumerated items in Code § 18.2-308(A).

Affirmed.