[No. F044624. Fifth Dist. July 26, 2004.]

In re MICHAEL R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL R., Defendant and Appellant.

**COUNSEL**

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, and Charles A. French, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**CORNELL, J.—** ■   This case presents a question of first impression. The issue is whether a box cutter constitutes a "razor with an unguarded blade" and therefore a weapon within the meaning of Penal Code section 626.10, subdivision (a).[1] Reluctantly, we conclude that a box cutter does not fall within the purview of that code section.

## PROCEDURAL AND FACTUAL SUMMARY

On May 13, 2003, appellant Michael R. was late in arriving to school at Northstar Academy. Pursuant to school policy, he was brought to the vice-principal's office to be searched. When he walked into the vice-principal's office, he removed a box cutter from his sweatshirt pocket and placed it on the desk.

The box cutter had a single-edged detachable blade, which was covered. The blade was designed to retract into the body of the box cutter but did not lock into place. The blade was retracted when Michael pulled it from his pocket and handed it to the vice-principal.

Michael stated he had been using the box cutter while at home the day before and had forgotten the box cutter was in his sweatshirt pocket when he left for school. He did not realize the box cutter was in his pocket until he put his hands in his pockets shortly before arriving on campus.

On August 6, 2003, a Welfare and Institutions Code section 602 petition was filed alleging that Michael had brought a weapon onto school grounds, in violation of section 626.10, subdivision (a). On September 24, 2003, the juvenile court conducted a jurisdictional hearing and found the allegations of the petition true. The juvenile court specifically determined that the box cutter found in Michael's possession was a razor with an unguarded blade.

Michael contends the box cutter does not qualify as a weapon under section 626.10 because its blade was guarded.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## DISCUSSION

The facts are not in dispute. The issue before this court is whether a box cutter falls within the classification of weapons proscribed by section 626.10.

■ Section 626.10 prohibits students from bringing or possessing a weapon on school grounds. Specifically, subdivision (a) of that section proscribes possessing "any dirk, dagger, ice pick, knife having a blade longer than 2 1/2 inches, folding knife with a blade that locks into place, a razor with an unguarded blade, a taser, or a stun gun, . . . any instrument that expels a metallic projectile such as a BB or a pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun." (§ 626.10, subd. (a).)

■ One published case, *In re Do Kyung K.* (2001) 88 Cal.App.4th 583 [106 Cal.Rptr.2d 31], has construed the meaning of the phrase "a razor with an unguarded blade." In that case, a student was searched on school grounds and a single-edged razor blade was discovered in his wallet. ( *In re Do Kyung K., supra,* at p. 586.) The appellate court concluded the phrase "razor with an unguarded blade" meant that an unguarded blade is a component, rather than the entirety, of a razor. (*Id.* at p. 593.) Therefore, possession of a razor blade alone did not fall within section 626.10. (*In re Do Kyung K., supra,* at p. 594.)

■ Although a box cutter is an implement that has a razor blade as a component and, therefore, is not excluded from the statute under the holding of *In re Do Kyung K.,* the blade on Michael's box cutter was guarded. In Michael's case, however, the juvenile court stated, "it's my feeling that any razor is capable of being guarded at some point in time, or with some type of contrivance, and therefore, it would defeat the purpose of the statute if it were to say that certain objects are razors, but because they are either capable of being guarded or are guarded therefore do not fall within the provisions of [section] 626.10." The flaw in the juvenile court's analysis is that the Legislature's description of prohibited items does not include razors with guarded blades.

Other jurisdictions have addressed whether a box cutter constitutes a prohibited weapon. A Florida statute specifically lists a box cutter as an item whose possession on school campuses is prohibited. (Fla. Stats. Ann., § 790.115(1); *State v. A.M.* (Fla.Dist.Ct.App. 2000) 765 So.2d 927.) New York City specifically bans the sale of box cutters to persons under the age of 18 years, as well as the possession on school grounds of a box cutter by anyone 22 years of age or under. (*In re Patrick L.* (1997) 244 A.D.2d 244 [665 N.Y.S.2d 70, 72].)

In the case cited by the People, *O'Banion v. Com.* (2000) 33 Va.App. 47 [531 S.E.2d 599, 605], a box cutter was determined to constitute a prohibited

weapon. The Virginia statute, though, is worded differently than section 626.10. Code of Virginia Annotated section 18.2-308(A) prohibits the carrying of a concealed razor or any "weapon of like kind." (*O'Banion*, at p. 604.)

■ Unlike the statutes in Florida and New York City, the language of section 626.10 does not prohibit the possession of a box cutter on school grounds. Further, section 626.10 does not prohibit any "weapon of like kind" as does the Virginia statute. If there is any ambiguity in the language of section 626.10, it must be resolved in Michael's favor. (*In re Do Kyung K.*, *supra*, 88 Cal.App.4th at p. 594.)

At least one appellate court previously has expressed grave concern about the possession of razor blades or other potentially dangerous objects on school grounds that are not prohibited by the statute and urged the Legislature to take immediate action. (*In re Do Kyung K.*, *supra*, 88 Cal.App.4th at p. 594.) Yet, in the three-year period since that opinion was published, the Legislature has not seen fit to amend the statutory language to prohibit possession of razor blades, box cutters, or similar objects on school grounds.

■ We must conclude, based upon the language of the statute, case law, and the Legislature's failure to modify the language of section 626.10, that possession of a box cutter on school grounds does not fall within the purview of that code section. Although the statute does not prohibit students from possessing a box cutter on school grounds, the schools are not precluded from adopting policies that would prohibit possession of box cutters by students, with consequences for violation of those policies.

Having concluded that a box cutter is not a prohibited item under section 626.10, subdivision (a), we need not address Michael's other contentions.

## DISPOSITION

The adjudication on the petition filed August 6, 2003, is reversed.

Vartabedian, Acting P. J., and Dawson, J., concurred.

A petition for a rehearing was denied August 10, 2004.