168 Cal.App.4th 1510 (2008)
In re Z.R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
Z.R., Defendant and Appellant.
No. F054835.
Court of Appeals of California, Fifth District.
December 11, 2008.
*1511 Adam Grace, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

*1512 OPINION
DAWSON, J.
Z.R. (appellant), a minor, was charged by petition with violation of Penal Code section 626.10, subdivision (a).[1] At a contested jurisdictional hearing, the juvenile court found the allegation to be true. The juvenile court adjudged appellant a ward of the court and ordered probation, with various terms and conditions. The juvenile court also ordered a maximum confinement term of one year and imposed a restitution fine of $50 pursuant to Welfare and Institutions Code section 730.6. Appellant contends the trial court erred in sustaining the petition because, as a matter of law, possession of a box cutter on school grounds does not violate section 626.10, subdivision (a). We disagree and affirm.

FACTS
The following facts are shown by testimony at the jurisdictional hearing.
High school resource officer Christopher Franks observed appellant and another minor jumping over the perimeter fence onto campus. After making initial contact, Franks confirmed appellant was a student without permission to be off campus. He confiscated the boys' backpacks and searched them. Franks testified he found "a razor blade knife that had a razor exposed" inside the smaller pocket pouch of appellant's backpack.[2] The juvenile court determined the item to be a box cutter. Appellant testified that he brought the box cutter to school because he thought he was going to be "jumped" and his intention was to use the item as a weapon. Appellant testified the box cutter's blade was "closed" when he brought the item to school.

DISCUSSION

I. Standard of Review

The determination of the meaning of a statute is a question of law that is subject to de novo review upon appeal. (People ex rel. Lockyer v. Shamrock Foods Co. (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].)

II. Section 626.10, Subdivision (a)

(1) Section 626.10 prohibits a student from bringing or possessing a weapon on school grounds. Subdivision (a) specifically proscribes the possession of "any dirk, dagger, ice pick, knife having a blade longer than 2 ½ *1513 inches, folding knife with a blade that locks into place, a razor with an unguarded blade, a taser, or a stun gun, ... any instrument that expels a metallic projectile such as a BB or a pellet, ... or any spot marker gun, upon the grounds of, or within, any public or private school providing instruction in kindergarten or any of grades 1 to 12...." (§ 626.10, subd. (a).) Appellant contends that box cutters are not included among the items prohibited by the statute.[3] The issue presented is whether a box cutter with an exposed blade falls within the purview of section 626.10, subdivision (a) as "a razor with an unguarded blade."
Appellant cites this court's decision in In re Michael R. (2004) 120 Cal.App.4th 1203 [16 Cal.Rptr.3d 291] as being determinative. In Michael R., a student inadvertently brought a box cutter to school in his sweatshirt pocket. (Id. at p. 1205.) The box cutter's blade was retracted into its casing when the student handed the item to the school's vice-principal. (Ibid.) We concluded that the Legislature's description of prohibited items did not include razors with guarded blades. (Id. at p. 1206.) Specifically, we stated that "[a]lthough a box cutter is an implement that has a razor blade as a component and, therefore, is not excluded from the statute ..., the blade on Michael's box cutter was guarded." (Ibid.)
Appellant's characterization of this case as "not logically distinguishable" from Michael R. is erroneous. Here, appellant was found to be in possession of a box cutter with the razor exposed, not retracted into its case. Our ruling in Michael R. is confined to apply to box cutters with blades that are retracted into their casings.
(2) The rules pertaining to statutory interpretation support our conclusion. "[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent." (Hughes v. Board of Architectural Examiners (1998) 17 Cal.4th 763, 775 [72 Cal.Rptr.2d 624, 952 P.2d 641].) The court must start by examining the actual words of a statute, giving them "`"a plain and commonsense meaning."'" (Ibid.) A practical interpretation should be applied to the statute, resulting in "`"wise policy rather than mischief or absurdity."'" (In re Rosalio S. (1995) 35 Cal.App.4th 775, 778 [41 Cal.Rptr.2d 534].)
(3) A plain and commonsense interpretation of the words, "a razor with an unguarded blade," leads to a straightforward and direct application of section 626.10, subdivision (a) to a box cutter with an exposed blade. In enacting section 626.10, the Legislature was primarily concerned with reducing violence and providing a safe environment on school campuses. (In re *1514 Rosalio S., supra, 35 Cal.App.4th at p. 780.) To allow a student to bring to school a box cutter with its blade exposed would contravene the essential purpose of this statute.[4]
(4) Accordingly, the juvenile court was correct in ruling that a box cutter with an exposed blade comes within the purview of section 626.10, subdivision (a) and finding the allegation of the petition to be true.

DISPOSITION
The judgment is affirmed.
Levy, Acting P. J., and Hill, J., concurred.
NOTES
[1] Unless otherwise indicated, all further statutory references are to the Penal Code.
[2] Franks's description of the exhibit established the blade was retractable into a steel case and was capable of protruding from the casing approximately one inch.
[3] Appellant also argues motive is not an element of section 626.10 and his intent to use the box cutter as a weapon should not be considered. Respondent concedes that appellant's intent is irrelevant.
[4] Appellant's argument that the blade was "guarded" by his backpack is unavailing as the blade was still capable of inflicting injury.