Filed 7/7/16  In re Juan G. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re JUAN G., <br><br> a Person Coming Under the Juvenile Court Law. | B265532 <br><br> (Los Angeles County <br> Super. Ct. No. TJ22035) |
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> JUAN G., <br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Catherine J. Pratt, Judge.  Reversed.

Torres & Torres and Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant, Juan G., a minor, appeals from the August 13, 2015 order of the juvenile court declaring him a ward pursuant to Welfare and Institutions Code section 602 and placing him home on probation for six months based on a finding that he committed the crime of bringing or possessing a weapon on school grounds in violation of Penal Code section 626.10, subdivision (a)(1).[1] He contends, and respondent agrees, that substantial evidence does not support the necessary finding that the box cutter he brought to school was a "razor with an unguarded blade" within the meaning of section 626.10, subdivision (a)(1),[2] as charged. We agree with the contention.

A box cutter with an unexposed blade does not constitute a razor with an unguarded blade. (*In re Michael R.* (2004) 120 Cal.App.4th 1203, 1205-1207.) There was testimony that the police recovered from appellant's pocket "a red box cutter with a retract[a]ble razor blade," the handle was about four to six inches long, and "[t]he blade came out . . . between a half of an inch to an inch outside the box cutter when extended." This is not evidence the box cutter had its blade exposed, and no other evidence concerning the issue was presented. We conclude there is no evidence the box cutter's blade was exposed. Accordingly, the wardship order is not supported by substantial evidence and must be reversed.[3]

---

[1]  All subsequent undesignated references are to the Penal Code, unless otherwise specified.

[2]  "Any person . . . who brings or possesses any . . . razor with an unguarded blade . . . upon the grounds of, or within, any public . . . school" is guilty of a violation of section 626.10, subdivision (a)(1).

[3]  Reversal of the wardship order renders moot appellant's contention that the minute order must be amended to reflect the oral pronouncement of the terms and conditions of probation.

**DISPOSITION**

The order of the juvenile court is reversed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.

3