Filed 9/6/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re TRAVIS LANELL MONTGOMERY on Habeas Corpus. | D083970<br><br>(Super. Ct. Nos. HC25670 & SCD206291) |

APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge. Dismissed.

Lara Gressley, under appointment by the Court of Appeal, for Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Andrew Mestman, Deputy Attorneys General, for Respondent.

Travis Lanell Montgomery purports to appeal the order denying a motion for discovery he made in connection with a postjudgment petition for writ of habeas corpus that sought relief for alleged violations of the California Racial Justice Act of 2020 (RJA or Act). We conclude the order is not appealable and dismiss the appeal.

I.

BACKGROUND

In a joint trial with codefendant Matthew Henderson in 2008, a jury found Montgomery guilty of two counts of conspiracy to commit robbery and one count each of robbery, attempted robbery, and possession of a firearm by a felon; found true firearm and gang enhancement allegations; and found true Montgomery had two prior juvenile adjudications that constituted strikes under the "Three Strikes" law. The trial court sentenced Montgomery to prison for an aggregate term of 61 years to life. On appeal, this court reversed the robbery conviction and related conspiracy conviction, struck the prison terms and enhancements imposed on those convictions, and thereby reduced the prison term to 26 years to life. (*People v. Henderson* (Oct. 5, 2010, D054493) [nonpub. opn.].)

In January 2024, Montgomery sent the trial court a "declaration" "raising RJA habeas claims." He alleged, "The prosecution sought more severe charges against [him] than against members of another race, ethnicity, or national origin." (See Pen. Code, § 745, subd. (a)(3); undesignated section references are to this code.) Montgomery also alleged, "The court imposed a longer sentence on [him] than against members of another race, ethnicity, or national origin." (See *id.*, subd. (a)(4)(A).) The declaration cited the provision of the Act authorizing the defendant to "file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a) in the possession or control of the state" (*id.*, subd. (d)) and attached a "motion for discovery" under the Act. Montgomery asked the court to "grant this motion invitation for the court to recall sentence on its own motion."

2

The trial court treated Montgomery's declaration as a petition for writ of habeas corpus and summarily denied it for failure to state a prima facie case for relief. In its denial order, the court stated: "Petitioner has also attached a motion for discovery under section 745, subdivision (d). Without addressing the merits of the discovery request, this court denies the freestanding discovery motion for lack of jurisdiction to consider post-judgment motions."

Montgomery filed a notice of appeal from the trial court's order in which he wrote, "Racial Justice Act claim denial is an order made after judgement affecting substantial rights and is appealable under P.C. 1237(b)." He also asserted the denial of his "request for discovery is reviewable on appeal."

We issued an order dismissing the appeal to the extent it challenged the denial of the petition for writ of habeas corpus, because the order is to that extent not appealable. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895 (*Robinson*) ["in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal"].) We also directed the appointment of counsel for Montgomery and directed counsel and the Attorney General to submit briefs on whether the trial court's order is appealable to the extent it denied Montgomery's motion for discovery under the RJA.

## II.

## DISCUSSION

Montgomery argues a "freestanding motion for discovery under subdivision (d) of section 745 . . . is plainly permitted by the statute," and an order denying a postconviction motion is appealable as " 'any order made after judgment, affecting the substantial rights of the party.' " (Quoting

3

§ 1237, subd. (b).) The Attorney General responds that "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." According to the Attorney General, the RJA does not authorize a freestanding discovery motion, and the trial court lost jurisdiction to grant Montgomery's discovery motion once it denied his petition for writ of habeas corpus because there was no longer a pending proceeding in which to order discovery. We shall conclude the challenged order is not appealable.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The RJA does not address whether a trial court's denial of a motion for discovery under section 745, subdivision (d) is appealable. "Appeals by criminal defendants are governed by section 1237, and [Montgomery] contends subdivision (b) authorizes his appeal: 'An appeal may be taken by the defendant: [¶] . . . [¶] From any order made after judgment, affecting the substantial rights of the party.' " (*Loper*, at p. 1159, italics omitted.) There is no dispute the challenged order was "any order made after judgment." (§ 1237, subd. (b).) The only question in dispute is whether the order "affect[s] the substantial rights of [Montgomery]." (*Ibid.*)

"A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639 (*King*); accord, *People v. Johnson* (1992) 3 Cal.4th 1183, 1258 (*Johnson*); *People v. Hodges* (2023) 92 Cal.App.5th 186, 190; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; *People v. Chlad* (1992) 2 Cal.App.4th 1719, 1726; see *Loper, supra*, 60 Cal.4th at pp. 1165–1166

4

[*Chlad* "properly dismissed" appeal from order denying defendant's postjudgment motion that trial court had no jurisdiction to grant because order "could not have affected any legal rights [of] the defendant[ ]"].) As we shall explain, the trial court had no jurisdiction to grant Montgomery's motion for discovery under the Act because it summarily denied his related petition for writ of habeas corpus.

The general rule is that " '[t]here is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. [Citation.] Indeed, a motion is not an independent remedy. It is ancillary to an on-going action and " 'implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.' " [Citation.] In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' " (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337 (*Picklesimer*); accord, *In re Cook* (2019) 7 Cal.5th 439, 451.) Exceptions to the rule precluding stand-alone postjudgment motions "generally arise in instances where the Legislature has expressly authorized such a motion." (*Picklesimer*, at p. 337, fn. 2 [citing some exceptions]; see *King, supra*, 77 Cal.App.5th at p. 637 [citing others].) The Legislature did not create an exception to the general rule for discovery motions filed under the RJA.

The Legislature enacted the RJA "to eliminate racial bias from California's criminal justice system"; "to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing"; and "to ensure that individuals have access to all relevant evidence, including statistical evidence, regarding potential discrimination in seeking or obtaining

5

convictions or imposing sentences." (Stats. 2020, ch. 317, § 2, subds. (i), (j).)
To achieve those objectives, the Act added section 745 to the Penal Code
(Stats. 2020, ch. 317, § 3.5) and amended sections 1473 and 1473.7 (Stats.
2020, ch. 317, §§ 4, 5).

Subdivision (a) of section 745 generally forbids the state to "seek or
obtain a criminal conviction or seek, obtain, or impose a sentence on the basis
of race, ethnicity, or national origin," and goes on to specify certain
circumstances that, if proved by a preponderance of the evidence, would
establish a violation. "A defendant may file a motion requesting disclosure to
the defense of all evidence relevant to a potential violation of subdivision (a)
in the possession or control of the state." (§ 745, subd. (d).) If the defendant
shows "good cause" for the disclosure, "the court shall order the records to be
released." (*Ibid.*) Section 745, subdivision (d) thus authorizes a defendant to
make a motion for discovery of information relevant to establishing a
violation of the Act. But we cannot look at that provision in isolation, as
Montgomery would have us do. We must consider it " 'in the context of the
statutory framework as a whole to discern its scope and to harmonize the
various parts of the enactment.' " (*People v. Prudholme* (2023) 14 Cal.5th
961, 975; see *People v. Ruiz* (2018) 4 Cal.5th 1100, 1109 ["in determining a
statute's purpose, we consider its language, not in isolation, but in the
context of its 'entire substance' and all of 'its various parts' "].) Other
provisions of the RJA make clear a discovery motion under section 745,
subdivision (d) is authorized only in a pending proceeding.

Section 745, subdivision (b) states: "A defendant may file a motion
pursuant to this section, or a petition for writ of habeas corpus or a motion
under Section 1473.7, in a court of competent jurisdiction, alleging a violation
of subdivision (a). For claims based on the trial record, a defendant may

6

raise a claim alleging a violation of subdivision (a) on direct appeal from the conviction or sentence. The defendant may also move to stay the appeal and request remand to the superior court to file a motion pursuant to this section." Subdivision (c) of section 745 authorizes a defendant to file a motion "at trial . . . as soon as practicable upon the defendant learning of [an] alleged violation," and requires the trial court to hold an evidentiary hearing if "the defendant makes a prima facie showing of [the] violation." Subdivision (j)(1) of section 745 states the section applies "[t]o all cases in which judgment is not final," and subdivisions (j)(2) through (j)(5) specify dates at which section 745 applies to persons seeking relief by a petition for writ of habeas corpus under section 1473 or by a motion to vacate a conviction or sentence under section 1473.7.

Sections 1473 and 1473.7 govern postjudgment assertions of RJA claims. Section 1473, subdivision (e) authorizes prosecution of a writ of habeas corpus by a person in custody "after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of Section 745, if that section applies based on the date of judgment . . . ." Section 1473.7, subdivision (a)(3) authorizes a person no longer in custody to file a motion to vacate a conviction or sentence that "was sought, obtained, or imposed on the basis of race, ethnicity, or national origin in violation of subdivision (a) of section 745."

The Legislature's provision of several specific procedures for litigating an alleged violation of the RJA from the time a charge is filed against a defendant up to and including the time the defendant is no longer in custody on any sentence imposed for a conviction indicates a motion for discovery under section 745, subdivision (a) is not intended as " 'an independent

7

remedy' " but as " 'ancillary to an on-going action.' " (*Picklesimer, supra*, 48 Cal.4th at p. 337.) That ongoing action may be: (1) a criminal case in which a defendant has filed a motion under section 745, subdivision (b); (2) an appeal in a criminal case in which a defendant has moved for a stay of the appeal and a remand to the trial court to file a motion under section 745; (3) a habeas corpus proceeding alleging a violation of section 745, subdivision (a) and commenced after judgment in a criminal case by a defendant still in custody; or (4) a proceeding to vacate a conviction or sentence alleging a violation of section 745, subdivision (a) and commenced after judgment in a criminal case by a defendant no longer in custody. (See § 745, subd. (b); *People v. Wilson* (2024) 16 Cal.5th 874, 948–951 [discussing stay-and-remand procedure]; *Young v. Superior Court* (2022) 79 Cal.App.5th 138, 148 [discussing procedures for asserting RJA claims before and after judgment].) The Act manifests no intent to depart from the general rule that "a discovery motion is not an independent right or remedy but rather is ancillary to an ongoing action or proceeding." (*People v. Superior Court (Morales)* (2017) 2 Cal.5th 523, 530 (*Morales*); see *Southern Pacific Co. v. Oppenheimer* (1960) 54 Cal.2d 784, 786 [discovery "is not a collateral matter but is in the nature of a procedure for the compelling of evidence to prove or disprove the truth of the issues directly involved in the action"].)[1] We therefore conclude the RJA

---

[1] The Legislature "partially abrogated" the general rule stated in *Morales, supra*, 2 Cal.5th at page 528, by enacting section 1054.9. In its current version, the statute authorizes a defendant sentenced to prison for 15 years or longer for a serious or violent felony, "upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment, or in preparation to file that writ or motion," to seek discovery of "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (§ 1054.9, subds. (a), (c).).") Montgomery sought discovery under the RJA, not under section 1054.9. The absence from the RJA of language similar to that of

8

does not authorize a freestanding motion for discovery; it only authorizes discovery in a pending proceeding in which the defendant has alleged a violation of section 745, subdivision (a).

In this case, there was no pending proceeding in which Montgomery could seek discovery. He attached a discovery motion to a "declaration" "raising RJA habeas claims," which the trial court treated as a petition for writ of habeas corpus attacking his final judgment of conviction. (See *Picklesimer, supra*, 48 Cal.4th at p. 340 [label given document is not determinative; court may treat mislabeled filing as what it should be called].) The court proceeded in accordance with the provision the RJA added to section 1473 and with prior case law by determining whether the petition stated a prima facie case for relief before considering the discovery motion. (*Id.*, subd. (e) [directing court to issue order to show cause if petition states prima facie case for relief and to deny petition and state reasons for denial if not]; *People v. Romero* (1994) 8 Cal.4th 728, 737–740 [summarizing habeas corpus procedure].) "A trial court does not regain jurisdiction over a criminal judgment through habeas corpus until the court issues an order finding that a habeas petition has set forth a prima facie case for relief. [Citations.] Acts prior to such a finding—including a defendant's filing of a petition and a court's consideration of *whether* that petition sets forth a prima facie case—do *not* reopen jurisdiction." (*People v. Esquivias* (2024) 103 Cal.App.5th 969, 976) "[T]he bare filing of a claim for postconviction relief cannot trigger a right to unlimited discovery. . . . Any petition that does not [state a prima

___

section 1054.9 authorizing discovery outside a pending proceeding is another indication the Act does not authorize such discovery. (See *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1079 ["We refuse to adopt an interpretation of a statute that would require insertion of language the Legislature knew how to include but did not include."].)

9

facie case] must be summarily denied, and it creates no cause or proceeding which would confer discovery jurisdiction." (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1258.) Since the order denying Montgomery's petition without issuing an order to show cause was final when filed (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064, fn. 5), the trial court would have "exceeded its jurisdiction by ordering postconviction discovery in the absence of any proceeding pending before that court" (*Gonzalez*, at p. 1261). Hence, the trial court correctly denied Montgomery's motion for discovery under the Act for lack of jurisdiction. (*Picklesimer, supra*, 48 Cal.4th at p. 337; *People v. Alvarez* (2019) 32 Cal.App.5th 1267, 1276; *People v. Ainsworth* (1990) 217 Cal.App.3d 247, 251, 259.)[2]

"An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights. [Citation.] Any appeal from such an order must be dismissed." (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344; see *Johnson, supra*, 3 Cal.4th at p. 1258 [order denying "defendant's motion [that] essentially sought anticipatory postjudgment discovery" and that trial court had no jurisdiction to grant "did not affect his substantial rights" and was not appealable under § 1237, subd. (b)].)

The required dismissal of Montgomery's appeal does not leave him with no way to seek relief from the appellate courts. The RJA authorizes a

---

[2] In support of her conclusion that a defendant may obtain discovery before having to state a prima facie case for relief under the RJA in a habeas corpus proceeding, our concurring colleague asserts the standard a defendant must meet to obtain discovery is "notably *less* demanding" than the standard he must meet to state a prima face case for relief. (Conc. opn., *post*, p. 3.) The merits of the trial court's rulings are not before us, and it is unnecessary to consider those standards to resolve the only issue that is before us, namely, the appealability of the order denying Montgomery's discovery motion. We express no opinion on the showings a defendant must make to obtain discovery and to state a prima facie case for relief under the Act.

defendant who is in custody to file a petition for writ of habeas corpus alleging a violation of section 745, subdivision (a) "in a court of competent jurisdiction." (*Id*., subd. (b); see § 1473, subd. (e).)  The Supreme Court and Courts of Appeal "have original jurisdiction in habeas corpus proceedings." (Cal. Const., art. VI, § 10.)  Where, as here, "the superior court denies the petition, the petitioner may then file a new petition in the Court of Appeal." (*Robinson, supra*, 9 Cal.5th at p. 895.)  In connection with the new petition, Montgomery may renew his motion for discovery under the Act.  (§ 745, subd. (d).)  Following this course would keep in one proceeding the substantive claims under the Act and the related discovery motion.  Adoption of Montgomery's position that the order denying his discovery motion is appealable would require two separate proceedings in the reviewing court, an original proceeding for the substantive claims and an appeal for the order denying the related motion.  Such an undesirable result is avoided, and an effective means of appellate court review is preserved, by our construction of the RJA as authorizing a discovery motion in a pending proceeding but not as a stand-alone motion.  (See, e.g., *Rivera v. Hillard* (2023) 89 Cal.App.5th 964, 978 [court may consider consequences of interpretation and should avoid one that would lead to unreasonable or impractical results]; *In re Z.R.* (2008) 168 Cal.App.4th 1510, 1513 [interpretation of statute should result in wise policy rather than mischief or absurdity].)

11

## III.

## DISPOSITION

The appeal is dismissed.

IRION, J.

I CONCUR:

HUFFMAN, Acting P. J.

KELETY, J., Concurring.

I concur in the result because the portion of the trial court's order denying Montgomery's request for discovery is not an independently appealable order. I write separately regarding a habeas petitioner's ability to seek such discovery more generally, and to seek review of an order denying such a request. In my view, the Legislature has expressed its intention to allow defendants to obtain discovery of evidence in the possession or control of the state that is plausibly relevant to a potential violation of the Racial Justice Act (RJA) regardless of the finality of the underlying conviction or the mechanism the defendant uses to assert their RJA claim. The same standards for obtaining discovery under the RJA should apply to all individuals asserting claims under the RJA.

Penal Code[1] section 745, subdivision (a) prohibits criminal convictions and heightened sentencing based on race, ethnicity, or natural origin. Subdivision (b) allows "[a] defendant" to assert a violation of the RJA by filing "a motion . . . or a petition for writ of habeas corpus or a motion under Section 1473.7 in a court of competent jurisdiction." Subdivision (d) likewise allows "[a] defendant [to] file a motion requesting disclosure to the defense of all evidence relevant to a potential violation of subdivision (a)." Both refer generally to "a defendant" and nothing in subdivision (d), or elsewhere in the statute, suggests the Legislature intended to limit discovery under subdivision (d) only to those defendants who filed a motion while the case was still pending, or whose cases were not yet final.

Rather, in its associated findings, the Legislature expressly stated, "It is the further intent of the Legislature to ensure that individuals have access to all relevant evidence, including statistical evidence, regarding potential

---

[1]   All further statutory references are to the Penal Code.

discrimination in seeking or obtaining convictions or imposing sentences." (Assembly Bill No. 2542 (2019-2020 Reg. Sess.) Ch. 317, § 2, subds. (i), (j); Assembly Bill No. 739 (2021-2022 Reg. Sess.) Ch. 739 [expanding relief to cases in which a judgment was entered as final prior to January 1, 2021].) At the same time, the Legislature amended section 1473 to add then subdivision (f), later renumbered to subdivision (e), which states in part, "A petition raising a claim of this nature for the first time, *or on the basis of new discovery provided by the state* or other new evidence that could not have been previously known by the petitioner with due diligence, shall not be deemed a successive or abusive petition." (§ 1473, subd. (e), added by Stats. 2020, ch. 317, § 4, renumbered by Stats. 2023 ch. 381, § 1 (boldface and italics added). This suggests the Legislature intended that defendants who file a petition for a writ of habeas under section 1473, subdivision (e) would be able to file a discovery motion under section 745, subdivision (d), thereby allowing those individuals to obtain the discovery necessary to pursue their RJA claims. (Accord, *People v. Wilson* (2024) 16 Cal.5th 874, 961 [noting defendant's intention to seek discovery under section 745, subdivision (d), and the potential delays related to discovery disputes, in the context of deciding whether to grant a stay of the appeal or force the defendant to pursue relief through a writ of habeas corpus].)

It is of course conceivable that the Legislature intended instead to refer to a defendant's ability to obtain discovery under section 1054.9, which, as the majority notes, the Legislature passed in response to the strict jurisdictional rule set forth in *People v. Superior Court (Morales)* (2017) 2 Cal.5th 523.[2] (§ 1054.9, subd. (a).) But such an interpretation would

---

[2]    The majority asserts Montgomery did not seek discovery under section 1054.9. It does not appear that the record before us is complete, particularly

create disparities in the application of the RJA that I do not believe the Legislature intended. Most notably, section 1054.9, subdivision (a) applies only to defendants convicted of serious or violent felonies resulting in a sentence of 15 years or more and would therefore leave defendants serving shorter sentences without an avenue to obtain similar discovery.

Moreover, the very purpose of the RJA is to restore the integrity of the judicial system by broadly and proactively addressing both explicit and implicit biases to " 'ensure that race plays no role at all in seeking or obtaining convictions or in sentencing.' (Assem. Bill 2542 (2019–2020 Reg. Sess.) § 2, subd. (i).)" (*Young v. Superior Court* (2022) 79 Cal.App.5th 138, 150 (*Young*).) The ability to obtain discovery, and in particular, discovery of statistical evidence related to disparities in prosecution and charging, is critical to achieving that end. (*Id.* at pp. 154–155.)

Following a detailed analysis of the Legislative history—and the larger history of race in our criminal justice system that the Legislature was attempting to address in passing the RJA—the court in *Young* concluded, "[t]o claim entitlement to discovery, only plausible justification is required." (*Young, supra,* 79 Cal.App.5th at p. 160.) It went on to explain that this is a notably *less* demanding standard than the prima facie requirement set forth in the statute for granting an evidentiary hearing, and a standard that "should not be difficult to meet." (*Id.* at pp. 160–161.)

It follows then that discovery under subdivision (d) (i.e., discovery that is aimed at attaining information that would assist in making a prima facie showing under the RJA) should not be precluded by a trial court's finding that a defendant has not (yet) made the requisite prima facie showing.

---

with respect to the discovery motion, so this assertion cannot be definitively established.

3

Requiring a defendant who files a writ of habeas corpus to meet the prima facie burden *before* considering a related request for discovery inverses that relationship and places a notably higher burden on defendants pursuing relief through the habeas process. I do not believe this is what the Legislature intended. Nor would an interpretation of section 745, subdivision (d) that allows habeas petitioners to obtain such discovery trigger a right to unlimited discovery, as the majority suggests. (See *People v. Gonzalez* (1990) 51 Cal. 3d 1179, 1258 ["the bare filing of a claim for postconviction relief cannot trigger a right to unlimited discovery"] and *Young, supra,* 79 Cal.App.5th at p. 166 ["[d]eciding pretrial discovery motions . . . requires careful weighing of a variety of considerations"].)

The majority recognizes that the strict jurisdictional rule announced in *Gonzalez* is subject to exception, but asserts section 745, subdivision (d) does not create such an exception because it does not include the same "in preparation to file" language as section 1054.9, subdivision (a). I see no reason the Legislature had to use those exact words in this context to establish a defendant's ability to obtain discovery aimed at setting forth a prima facie showing of an RJA violation. We read the statute as a whole and are guided by the Legislature's plainly expressed intentions. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) Doing so here, I conclude that the Legislature's intent was to allow the discovery necessary to develop an RJA claim in certain circumstances, and that it did not intend to limit such relief to only those individuals whose judgments were not final.

Accordingly, while I agree with the majority that a discovery motion under section 745, subdivision (d) filed in connection with a writ of habeas corpus—like the one at issue here—is not a freestanding motion, the denial of which results in an independently appealable order after judgment, I

4

conclude that section 745, subdivision (d) applies equally to all defendants and allows a defendant with a pending habeas petition to request discovery from the state aimed at proving the RJA violation alleged in the petition. The trial court may rule on the discovery motion and the petition in a single combined order, as it did here, or may rule on the discovery motion separately, before ruling on the pending habeas petition. (See, e.g., *People v. Thacker* (1985) 175 Cal.App.3d 594, 597–598 [addressing a defendant's request that the court take judicial notice *before* reaching the merits of a pending petition for writ of habeas corpus]; § 1473, subd. (e) [contemplating appointment of counsel and filing of an amended petition before determining if petitioner has made a prima facie showing].) If the trial court denies either the request for discovery or the petition for writ of habeas corpus, the defendant may then seek review by filing either a writ of mandate or a new petition for writ of habeas corpus in this court. (See, e.g., *In re Steele* (2004) 32 Cal.4th 682, 692.)

KELETY, J.

5